**NORTH AMERICAN MORTGAGE CO., Petitioner,**

v.

**Donald Lee O'HARA, Jr., et al., Respondents.**

No. 02–1050.

Supreme Court of Texas.

Dec. 17, 2004.

R. Brian Craft, Tracy Crawford, Ramey & Flock, Tyler, Gregory D. Smith, R. Bruce Allensworth, Irene C. Freidel, Kirkpatrick & Lockhart LLP, Boston, MA, for petitioner.

Karen Debiasse Bishop, Bishop & Bishop, Gilmer, Mark C. Brodeur, Brodeur & Evans, Dallas, Mike C. Miller, Marshall, Jonathan R. Moothart, Bowerman, Bowden & Moothart, P.C., Traverse City, MI, for respondents.

PER CURIAM.

The court of appeals ordered the trial court to certify a class and prepare a trial plan.[1] We hold that it was error to order the class certified before a trial plan was prepared. We therefore reverse in part and remand to the trial court.

This is the second appeal in this case. For context, we must briefly summarize its entire procedural history.

North American Mortgage Co. made a mortgage loan to Donald Lee O'Hara, Jr. and Cheryl O'Hara and charged them $125 for preparing the documents, as it normally did its mortgage loan customers. The O'Haras, on behalf of themselves and all others similarly situated, sued North American, alleging that the charge violated section 83.001 of the Texas Government Code, which prohibits the unauthorized practice of law.[2] After a hearing, the trial court certified a class of North American's mortgage loan customers over a certain time period who were charged the same fee.

North American appealed, arguing that several requirements of Rule 42 of the Texas Rules of Civil Procedure regarding class certification had not been met, name-

---

1. *O'Hara v. North American Mortgage Co.,* 150 S.W.3d 181 (Tex.App.—Tyler 2002) [*O'Hara II*].

2. *See* Tex. Govt.Code § 83.005 (providing for recovery of damages, costs, and attorney fees). *See also* § 83.006 (providing for injunctive relief).

ly, commonality, typicality, predominance, superiority, and adequacy of representation.[3] The court of appeals rejected all but the last argument,[4] with respect to which it reasoned as follows: the class almost certainly included members whose loans were in default; North American would be required to assert counterclaims against them or "risk losing its remedy of judicial foreclosure and other judicial remedies against defaulting borrowers";[5] those members' potential liability would greatly exceed their recovery; their interests therefore conflicted with non-defaulting members who would not be sued and stood to recover; hence, class representatives could not adequately represent both groups at once.[6] The court decertified the class without prejudice to any further efforts by the O'Haras to comply with its opinion.[7] We dismissed North American's petition for review for want of jurisdiction.[8]

The court of appeals did not cite our opinion in *Southwestern Refining Co. v. Bernal*,[9] which had issued several weeks earlier. On remand, North American argued that *Bernal* required the trial court to prepare a trial plan, even though the court of appeals had not included that requirement in its opinion, and the trial court apparently agreed. The O'Haras asked the court to recertify the same class excluding those borrowers whose deeds of trust do not provide for non-judicial foreclosure, but the court refused to certify any class. Since the trial court did not certify a class, it did not prepare a trial plan.

The O'Haras appealed, arguing that their proposed exclusion of class members corrected the only error the court of appeals had found in the previous certification.[10] The court agreed and then discussed *Bernal*, correctly citing it for the proposition that "[i]t is improper to certify a class without knowing how the claims can and will likely be tried."[11] Nevertheless, the court decided to "reverse and remand for certification of the class"[12] and directed the trial court to create a trial plan.[13]

*Bernal* clearly holds that a trial plan is part of the rigorous analysis "[c]ourts must perform . . . *before* ruling on class certification".[14] The court of appeals' judgment ordering certification before any trial plan has been developed directly conflicts with *Bernal*. The court should have remanded the case to the trial court for further certification proceedings in light of its opinion, as it did in the first appeal, without dictating the result. Because the appeal was from the denial of certification, the court of appeals was constrained to address the issues raised without benefit of a practical, specific determination by the trial court regarding trial of the case as a class action. The court of appeals' rejection of arguments against certification does not mandate the opposite result. The require-

---

3. *North American Mortgage Co. v. O'Hara,* —— S.W.3d ——, —— (Tex.App.—Tyler 2000, pet. denied) [*O'Hara I*].

4. *Id.* at ——, ——.

5. *Id.* at ——.

6. *Id.*

7. *Id.*

8. 44 Tex. Sup.Ct. J. 428 (Feb. 15, 2001).

9. 22 S.W.3d 425 (Tex.2000).

10. *O'Hara II*, 150 S.W.3d at 188.

11. *Id.*

12. *Id.*

13. *Id.* at 189.

14. *Bernal*, 22 S.W.3d at 435 (emphasis added).

ments of *Bernal* do not allow the court of appeals to foreclose the further certification analysis that preparation of a trial plan provides. On remand, the trial court should reconsider the class action requirements in light of the court of appeals' opinion and, consistent with that court's rulings, conduct such further proceedings as may be necessary to determine whether and how class claims can be tried in light of that opinion.

North American urges us to examine for ourselves whether certification is proper. We decline to do so in the absence of a trial plan.[15] Nor do we express any opinion on the court of appeals' resolution of the class certification issues it addressed.

We have jurisdiction over this interlocutory appeal because of the direct conflict between the court of appeals' judgment and our opinion in *Bernal*.[16] Accordingly, we grant North American's petition for review and, without hearing oral argument,[17] reverse the judgment of the court of appeals insofar as it orders class certification, and remand the case to the trial court for further proceedings.

---

**15.** *See Intratex Gas Co. v. Beeson*, 22 S.W.3d 398, 408 (2000) (concluding that if a class definition is reversed on appeal, any revised definition should be made by the trial court, and the effects of the revision on the requirements for class certification analyzed there).

**16.** *See* Tex. Gov't Code §§ 22.001(a)(2), 22.225(b)(3), (c); *Henry Schein, Inc. v. Stromboe*, 102 S.W.3d 675, 687–688 (Tex.2003).

The 2003 amendments to these provisions do not apply to this case. *Compaq Computer Corp. v. Lapray*, 135 S.W.3d 657, 681 n. 4 (Tex.2004) (noting that 2003 amendments did not apply) (citing Act of June 11, 2003, 78th Leg., R.S., ch. 204, §§ 1.05, 23.02(a) and (d), 2003 Tex. Gen. Laws 850, 898–99 ("H.B. 4")).

**17.** Tex.R.App. P. 59.1.