COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-284-CV
  
  
ANNA 
HASLAM FULLER AND JASON                                    APPELLANTS
FULLER, 
INDIVIDUALLY AND ON BEHALF
OF 
OTHERS SIMILARLY SITUATED
 
V.
  
STATE 
FARM COUNTY MUTUAL INSURANCE                           APPELLEES
COMPANY, 
STATE FARM FIRE AND CASUALTY
COMPANY, 
STATE FARM GENERAL INSURANCE
COMPANY, 
STATE FARM MUTUAL AUTOMOBILE
INSURANCE 
COMPANY, STATE FARM MUTUAL
INSURANCE 
COMPANY, STATE FARM FIRE
AND 
CASUALTY COMPANY, STATE FARM
LLOYD'S 
COMPANY, VAL COLEMAN,
PATRICK 
TITUS, BRENT BINS, INDIVIDUALLY
AND 
ON BEHALF OF OTHER ADJUSTERS
OF 
STATE FARM WHO ARE SIMILARLY
SITUATED 
AND ANY OTHER STATE FARM
RELATED 
ENTITY THAT UNDERWRITES
AUTOMOBILE 
INSURANCE AND ADJUSTERS
AUTOMOBILE 
INSURANCE CLAIMS
  
  
----------
 
FROM 
THE 48TH DISTRICT COURT OF TARRANT COUNTY
 
------------
 
OPINION
 
------------
        Anna 
Haslam Fuller (Haslam) and Jason Fuller appeal the trial court’s refusal to 
certify this case as a class action.  We affirm because Appellants failed 
to show that they were members of the classes they sought to represent.
        Haslam 
was involved in a three-car collision.  Jenny Carter was driving the 
forward car, Haslam the middle car, and Andrea Snodgrass the back car.  
Haslam claimed that she came to a complete stop behind Carter’s car; then she 
was rear-ended by Snodgrass, which caused Haslam’s car to then rear-end 
Carter’s car.  Snodgrass claimed that Haslam suddenly swerved into 
Snodgrass’s lane of traffic, which was the left lane, when Haslam came upon 
construction in the right lane.  Snodgrass could not stop her car in time 
to avoid hitting the left rear side of Haslam’s vehicle because Haslam changed 
lanes too quickly.
        Both 
Haslam[1] and Snodgrass were insured by State Farm 
Mutual Automobile Insurance Company (State Farm) and both submitted claims 
concerning the accident.  The claims were originally handled by different 
adjusters but eventually both were assigned to Brett Bins.
        Bins 
concluded that Haslam was at fault because of the location of the physical 
damage on the left rear side panel of her car, but he neglected to note his 
liability determination in the claim file.  In February 1999 State Farm 
authorized the repair of Snodgrass’s vehicle without charging Snodgrass a 
deductible.  State Farm paid for the damages to Snodgrass’s vehicle in 
July 1999.  It also paid for Haslam’s property damages, except for a $500 
deductible.
        Appellants 
sued State Farm on April 9, 1999, alleging that when State Farm adjusted claims 
in which both drivers were insured by State Farm (known as “double-with” 
claims), State Farm pursued a uniform practice of requiring both State Farm 
insureds to incur a deductible by denying both insureds’ claims for liability 
and requiring them to have their vehicles repaired under the collision coverage 
of their policies.  Appellants sought relief individually and on behalf of 
all other members of classes of State Farm insureds involved in double-with 
accidents.
        State 
Farm filed a motion to strike Haslam’s class allegations on the ground that 
Appellants were not members of the classes they sought to represent.  
Appellants filed a response, and State Farm filed a reply.  The trial court 
then conducted a non-evidentiary hearing on the motion to strike class 
allegations.  In a letter ruling, the trial court explained that it would 
grant State Farm’s motion to strike class allegations because it determined 
that the named plaintiffs were not representatives of the classes of persons 
they purported to represent.  The trial court subsequently entered a 
written order striking the class allegations.  Appellants assert that the 
trial court erred in refusing to certify this case as a class action.
        Trial 
courts enjoy a wide range of discretion in deciding whether to maintain a 
lawsuit as a class action.  Vincent v. Bank of America, N.A., 109 
S.W.3d 856, 864 (Tex. App.—Dallas 2003, pet. denied).  Our review of the 
trial court's decision on appeal is strictly limited to determining whether 
there has been an abuse of discretion in denying certification.  Id.  
A trial court abuses its discretion when it: (1) acts arbitrarily or 
unreasonably; (2) does not properly apply the law to the undisputed facts; or 
(3) rules on factual assertions not supported by the record.  Id.  
Furthermore, a trial court does not abuse its discretion when it bases its 
decision on conflicting evidence.  Vinson v. Tex. Commerce Bank, 880 
S.W.2d 820, 823 (Tex. App.—Dallas 1994, no writ).  We do not view the 
evidence in the light most favorable to the trial court's decision in either 
granting or denying certification, nor do we entertain every presumption in 
favor of the trial court's decision. Henry Schein, Inc. v. Stromboe, 102 
S.W.3d 675, 690 (Tex. 2002). Instead, we determine whether a trial court, before 
ruling on a class certification, has performed a "rigorous analysis" 
of whether all prerequisites to certification have been met. S.W. Refining 
Co. v. Bernal, 22 S.W.3d 425, 435 (Tex. 2000).
        An 
appellant seeking to reverse an order denying class certification faces a 
formidable task. Appellants must not only demonstrate that they satisfied all 
the rule 42 requirements for certification, but also show that the trial court's 
refusal to certify the classes was legally unreasonable under the facts and 
circumstances of the case. See Tex. 
R. Civ. P. 42; Vinson, 880 S.W.2d at 824.
        According 
to rule 42, class actions must satisfy four threshold requirements: 1) 
numerosity (“the class is so numerous that joinder of all members is 
impracticable”); 2) commonality (“there are questions of law or fact common 
to the class”); 3) typicality (“the claims or defenses of the representative 
parties are typical of the claims or defenses of the class”); and 4) adequacy 
of representation (“the representative parties will fairly and adequately 
protect the interests of the class”).  See Tex. R. Civ. P. 42(a).  In addition 
to the requirements of rule 42(a), plaintiffs must also satisfy at least one of 
the subdivisions of rule 42(b).  See Bernal, 22 S.W.3d at 433.
        Rule 
42 expressly states that only “members of a class may sue.”  Tex. R. Civ. P. 42(a).  Thus, as a 
preliminary matter, plaintiffs must establish that a defined class exists and 
that the class representatives fall within the class.  E. Tex. Motor 
Freight Sys., Inc. v. Rodriguez, 431 U.S. 395, 403, 97 S. Ct. 1891, 1896 
(1977); In re A. H. Robbins Co., Inc., 880 F.2d 709, 727 (4th Cir.), cert. 
denied, 493 U.S. 959 (1989); Jenson v. Eveleth Taconite Co., 139 
F.R.D. 657, 659 (D. Minn. 1991)[2]; Brittain v. 
Gen. Tel. Co., 533 S.W.2d 886, 889 (Tex. Civ. App.—Fort Worth 1976, writ 
dism’d); Allred v. Heaton, 336 S.W.2d 251, 262 (Tex. Civ. App.—Waco 
1960, writ ref’d n.r.e.).
        Haslam 
seeks to represent the following classes:
1. 
Each individual who has been involved in an auto accident involving another 
State Farm insured in which no or each insured was determined to be at fault, 
each and/or either State Farm insured was required to make a claim on their own 
policy and thus incur a deductible within two years prior to the filing of this 
suit; and
 
2. 
Each individual who has been involved in an auto accident involving another 
State Farm insured in which no or each insured was determined to be at fault 
each and/or either State Farm insured was required to make a claim on their own 
policy and thus incur a deductible within four years prior to the filing of this 
suit.

Thus, 
in order to qualify as a class representative, Haslam must show that either both 
she and Snodgrass were determined by State Farm to be at fault, or both 
she and Snodgrass were determined to be not at fault.
        Haslam 
contends that she has standing to pursue her claim in an individual capacity and 
therefore is a class representative because her claims are typical and common to 
the classes in that there is a nexus between State Farm’s wrongful conduct and 
her damages, which constitute the payment of her deductible and increased 
insurance premiums.  Haslam argues that because State Farm made the 
determination concerning liability after suit was filed in what she alleges was 
an attempt to deprive the class of the ability to obtain relief, she may still 
represent the class.
        We 
disagree.  Before the lawsuit was filed, State Farm determined that 
Snodgrass was not at fault, and Snodgrass was not required to pay a deductible 
to the repair facility that repaired her automobile.  Only Haslam was 
determined to be at fault, and there is no evidence in the record that State 
Farm manipulated its liability findings to prevent Haslam from qualifying as a 
class representative.
        Because 
Haslam was not a member of the classes she sought to represent, the trial court 
did not abuse its discretion by striking the class allegations.[3]  
We overrule Appellants’ point and affirm the trial court’s order striking 
the class allegations.
  
  
                                                          ANNE 
GARDNER
                                                          JUSTICE
   
PANEL 
A:   CAYCE, C.J.; HOLMAN and GARDNER, JJ.
 
DELIVERED: 
January 13, 2005

NOTES
1.  
Haslam was listed as an additional driver on Fuller’s State Farm policy. 
Haslam and Fuller were engaged on the date of the accident.  They have 
since married.
2.  
Because rule 42 was patterned after Federal Rule of Civil Procedure 23, federal 
decisions and authorities interpreting current federal class action requirements 
are persuasive in Texas actions.  Bernal, 22 S.W.3d at 433; Ford 
Motor Co. v. Sheldon, 22 S.W.3d 444, 452 (Tex. 2000); see Fed. R. Civ. P. 23.
3.  
Because Haslam did not meet the preliminary requirement of showing that she was 
a member of the classes she purported to represent, the trial court was not 
required to analyze whether she met the other rule 42 class certification 
requirements or to consider a trial plan.  See N. Am. Mortgage Co. v. 
O’Hara, __ Tex. Sup. Ct. J. __, 2004 WL 2913653, at *2 (Tex. Dec. 17, 
2004) (per curiam); Bernal, 22 S.W.3d at 435.