FULLER V. STATE FARM ET AL.

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-03-284-CV

ANNA HASLAM FULLER AND JASON APPELLANTS

FULLER, INDIVIDUALLY AND ON BEHALF 

OF OTHERS SIMILARLY SITUATED

V.

STATE FARM COUNTY MUTUAL INSURANCE APPELLEES 

COMPANY, STATE FARM FIRE AND CASUALTY

COMPANY, STATE FARM GENERAL INSURANCE 

COMPANY, STATE FARM MUTUAL AUTOMOBILE 

INSURANCE COMPANY, STATE FARM MUTUAL 

INSURANCE COMPANY, STATE FARM FIRE 

AND CASUALTY COMPANY, STATE FARM 

LLOYD'S COMPANY, VAL COLEMAN, 

PATRICK TITUS, BRENT BINS, INDIVIDUALLY 

AND ON BEHALF OF OTHER ADJUSTERS 

OF STATE FARM WHO ARE SIMILARLY 

SITUATED AND ANY OTHER STATE FARM 

RELATED ENTITY THAT UNDERWRITES 

AUTOMOBILE INSURANCE AND ADJUSTERS 

AUTOMOBILE INSURANCE CLAIMS

----------

FROM THE 48TH DISTRICT COURT OF TARRANT COUNTY

------------

OPINION

------------

Anna Haslam Fuller (Haslam) and Jason Fuller appeal the trial court’s refusal to certify this case as a class action.  We affirm because Appellants failed to show that they were members of the classes they sought to represent.

Haslam was involved in a three-car collision.  Jenny Carter was driving the forward car, Haslam the middle car, and Andrea Snodgrass the back car.  Haslam claimed that she came to a complete stop behind Carter’s car; then she was rear-ended by Snodgrass, which caused Haslam’s car to then rear-end Carter’s car.  Snodgrass claimed that Haslam suddenly swerved into Snodgrass’s lane of traffic, which was the left lane, when Haslam came upon construction in the right lane.  Snodgrass could not stop her car in time to avoid hitting the left rear side of Haslam’s vehicle because Haslam changed lanes too quickly.     

Both Haslam
(footnote: 1) and Snodgrass were insured by State Farm Mutual Automobile Insurance Company (State Farm) and both submitted claims concerning the accident.  The claims were originally handled by different adjusters but eventually both were assigned to Brett Bins. 

Bins concluded that Haslam was at fault because of the location of the physical damage on the left rear side panel of her car, but he neglected to note his liability determination in the claim file.  In February 1999 State Farm authorized the repair of Snodgrass’s vehicle without charging Snodgrass a deductible. State Farm paid for the damages to Snodgrass’s vehicle in July 1999.  It also paid for Haslam’s property damages, except for a $500 deductible.

Appellants sued State Farm on April 9, 1999, alleging that when State Farm adjusted claims in which both drivers were insured by State Farm (known as “double-with” claims), State Farm pursued a uniform practice of requiring both State Farm insureds to incur a deductible by denying both insureds’ claims for liability and requiring them to have their vehicles repaired under the collision coverage of their policies.  Appellants sought relief individually and on behalf of all other members of classes of State Farm insureds involved in double-with accidents. 

State Farm filed a motion to strike Haslam’s class allegations on the ground that Appellants were not members of the classes they sought to represent.  Appellants filed a response, and State Farm filed a reply.  The trial court then conducted a non-evidentiary hearing on the motion to strike class allegations.  In a letter ruling, the trial court explained that it would grant State Farm’s motion to strike class allegations because it determined that the named plaintiffs were not representatives of the classes of persons they purported to represent.  The trial court subsequently entered a written order striking the class allegations.  Appellants assert that the trial court erred in refusing to certify this case as a class action.  

Trial courts enjoy a wide range of discretion in deciding whether to maintain a lawsuit as a class action.  
Vincent v. Bank of America, N.A., 
109 S.W.3d 856, 864 (Tex. App.—Dallas 2003, pet. denied).  Our review of the trial court's decision on appeal is strictly limited to determining whether there has been an abuse of discretion in denying certification.  
Id.  
A trial court abuses its discretion when it:  (1) acts arbitrarily or unreasonably;  (2) does not properly apply the law to the undisputed facts; or (3) rules on factual assertions not supported by the record.  
Id
.  Furthermore, a trial court does not abuse its discretion when it bases its decision on conflicting evidence.  
Vinson v. Tex. Commerce Bank, 
880 S.W.2d 820, 823 (Tex. App.—Dallas 1994, no writ).  We do not view the evidence in the light most favorable to the trial court's decision in either granting or denying certification, nor do we entertain every presumption in favor of the trial court's decision.  
Henry Schein, Inc. v. Stromboe
, 102 S.W.3d 675, 690 (Tex. 2002).  Instead, we determine whether a trial court, before ruling on a class certification, has performed a "rigorous analysis" of whether all prerequisites to certification have been met.  
S.W. Refining Co. v. Bernal
, 22 S.W.3d 425, 435 (Tex. 2000).

An appellant seeking to reverse an order denying class certification faces a formidable task.  Appellants must not only demonstrate that they satisfied all the rule 42 requirements for certification, but also show that the trial court's refusal to certify the classes was legally unreasonable under the facts and circumstances of the case.  
See 
Tex. R. Civ. P. 
42; 
Vinson
, 880 S.W.2d at 824.

According to rule 42, class actions must satisfy four threshold requirements:  1) numerosity (“the class is so numerous that joinder of all members is impracticable”); 2) commonality (“there are questions of law or fact common to the class”); 3) typicality (“the claims or defenses of the representative parties are typical of the claims or defenses of the class”); and 4) adequacy of representation (“the representative parties will fairly and adequately protect the interests of the class”).  
See
 
Tex. R. Civ
. P. 42(a).  In addition to the requirements of rule 
42(a), plaintiffs must also satisfy at least one of the subdivisions of rule 42(b). 
 See Bernal
, 22 S.W.3d at 433.   Rule 42 expressly states that only “members of a class may sue.”  
Tex. R. Civ. P.
 42(a).  Thus, as a preliminary matter, plaintiffs must establish that a defined class exists and that the class representatives fall within the class.  
E. Tex. Motor Freight Sys., Inc. v. Rodriguez, 
431 U.S. 395, 403, 97 S. Ct. 1891, 1896 (1977); 
In re A. H. Robbins Co., Inc., 
880 F.2d 709, 727 (4th Cir.), 
cert. denied, 
493 U.S. 959 (1989); 
Jenson v. Eveleth Taconite Co., 
139 F.R.D. 657, 659 (D. Minn. 1991)
(footnote: 2); 
Brittain v. Gen. Tel. Co., 
533 S.W.2d 886, 889 (Tex. Civ. App.—Fort Worth 1976, writ dism’d); 
Allred v. Heaton, 
336 S.W.2d 251, 262 (Tex. Civ. App.—Waco 1960, writ ref’d n.r.e.). 

Haslam seeks to represent the following classes:

1. Each individual who has been involved in an auto accident involving another State Farm insured in which no or each insured was determined to be at fault, each and/or either State Farm insured was required to make a claim on their own policy and thus incur a deductible within two years prior to the filing of this suit; and

2. Each individual who has been involved in an auto accident involving another State Farm insured in which no or each insured was determined to be at fault each and/or either State Farm insured was required to make a claim on their own policy and thus incur a deductible within four years prior to the filing of this suit.
 

Thus, in order to qualify as a class representative, Haslam
 must show that either both she and Snodgrass were determined by State Farm to be 
at fault
, or both she and Snodgrass were determined to be 
not 
at fault. 

Haslam contends that she has standing to pursue her claim in an individual capacity and therefore is a class representative because her claims are typical and common to the classes in that there is a nexus between State Farm’s wrongful conduct and her damages, which constitute the  payment of her deductible and increased insurance premiums.  Haslam argues that because State Farm made the determination concerning liability after suit was filed in what she alleges was an attempt to deprive the class of the ability to obtain relief, she may still represent the class.
 

We disagree.  Before the lawsuit was filed, State Farm determined that Snodgrass was not at fault, and Snodgrass was not required to pay a deductible to the repair facility that repaired her automobile.  Only Haslam was determined to be at fault, and there is no evidence in the record that State Farm manipulated its liability findings to prevent Haslam from qualifying as a class representative.

Because Haslam was not a member of the classes she sought to represent, the trial court did not abuse its discretion by striking the class allegations.
(footnote: 3)  We overrule Appellants’ point and affirm the trial court’s order striking the class allegations.    

ANNE GARDNER

JUSTICE

PANEL A: CAYCE, C.J.; HOLMAN and GARDNER, JJ.

DELIVERED:  January 13, 2005

FOOTNOTES
1:
Haslam was listed as an additional driver on Fuller’s State Farm policy.  Haslam and Fuller were engaged on the date of the accident.  They have since married.

2:
Because rule 42 was patterned after Federal Rule of Civil Procedure 23, federal decisions and authorities interpreting current federal class action requirements are persuasive in Texas actions.  
Bernal, 
22 S.W.3d at 433; 
Ford Motor Co. v. Sheldon, 
22 S.W.3d 444, 452 (Tex. 2000); 
see
 
Fed. R. Civ. P. 23
.

3:
Because Haslam did not meet the preliminary requirement of showing that she was a member of the classes she purported to represent, the trial court was not required to analyze whether she met the other rule 42 class certification requirements or to consider a trial plan.  
See N. Am. Mortgage Co. v. O’Hara, 
__ Tex. Sup. Ct. J. __, 2004 WL 2913653, at *2 (Tex. Dec. 17, 2004) (per curiam); 
Bernal, 
22 S.W.3d at 435.