All American v. Robert L. Vandeventer, et al.

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-016-CV

ALL AMERICAN LIFE & CASUALTY APPELLANT

INSURANCE COMPANY N/K/A ALL 

AMERICAN LIFE INSURANCE 

COMPANY

V.

ROBERT L. VANDEVENTER, DUANE APPELLEES

D. WOODROW, AND B. LEGARE 

WALPOLE, JR.

------------

FROM THE 17TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

This is an interlocutory appeal from the trial court’s order certifying a class action against Appellant All American Life Insurance Company.
(footnote: 2)  In four issues, All American argues that the trial court failed to conduct the necessary rigorous analysis and erred by concluding that the numerosity, predominance, and superiority requirements of Rule 42(b)(3) of the rules of civil procedure have been met.  
See
 
Tex. R. Civ. P.
 42(b)(3).  Because the certification order does not demonstrate that the trial court conducted the rigorous analysis required by Texas Supreme Court case law,
(footnote: 3) we will reverse the trial court’s certification order and remand this cause to the trial court for further certification proceedings.
(footnote: 4)

II.  Factual and Procedural Background
(footnote: 5)
 In 1969, All American began selling Farmers’ and Ranchers’ Disability, Accident and Health Insurance Policies.  For an additional premium, an insured could obtain a “Premium Return Benefit Rider,” providing that, if the insured made no claims during a ten-year period of the policy, All American would refund to the insured eighty percent of the premiums paid during that period.  The benefit rider also provided for a lesser refund of eighty percent of the premiums paid during a ten-year period minus the amount of claims paid if the insured made claims not greater than twenty-five percent of the ten-year premium amount.  Numerous putative class members purchased disability policies and riders from All American, paid their premiums, and received the refunds due them.

Effective September 30, 1989, All American sold, or transferred, its existing Farmers’ and Ranchers’ Disability, Accident and Health Insurance Policies to American Insurance Company of Texas (AICT).  After the effective date of the sale, all policyholders received letters written on the letterhead of “The National Insurance Group Insurance Companies,” informing them “that an agreement had been reached between AICT and All American” that “your policy . . . has been reinsured and assumed by [AICT].”  The letter assured the policyholders “that there are no changes in your policy.  All of the terms and conditions of your policy remain the same.”   Referring to an enclosed “Assumption Certificate,” the letter reiterated, “This Certificate confirms there are no changes in the terms and benefits of your current policy.”  The notice letter further informed the policyholders that premium notices would be mailed from AICT, enclosing a pre-addressed envelope to mail currently due premiums directly to AICT.

During the subsequent nine-year period from 1989 to 1998, putative class members paid premiums to AICT, including the premiums for the return of premium rider.  In July 1998, after collecting nine years of premiums, including nine years of refund benefit rider premiums, AICT notified putative class members that it was cancelling their policies and denying any return of premiums for that ten-year period.  In 1999, a class action suit was filed against AICT, All American, and National Group Insurance Companies.

AICT consented to class certification in August 2000 and is not a party to this appeal.  On August 30, 2000, the trial court denied Appellees’ request that a class be certified against All American.  On October 5, 2000, the trial court denied Appellees motion for reconsideration of this class certification ruling.  All American then filed a motion for summary judgment, which the trial court granted.  Appellees appealed that judgment to this court.  We reversed the summary judgment on Appellees’ breach of contract and illusory contract claims and remanded those claims to the trial court; we affirmed the balance of the summary judgment for All American.  
See Vandeventer
, 101 S.W.3d at 724.  After we remanded the breach of contract and illusory contract claims against All American, Appellees again sought certification of a class asserting these claims against All American.  After a hearing, the trial court entered an order certifying a class of policyholders.  All American perfected this appeal.

III.  Standard of Review

We review a trial court’s ruling on class certification for abuse of discretion.  
Bernal
, 22 S.W.3d at 439.  A clear failure by the trial court to analyze or apply the law correctly is an abuse of discretion.  
McDaniel v. Yarbrough
, 898 S.W.2d 251, 253 (Tex. 1995).  Although we review the trial court’s order for abuse of discretion, we do not indulge every presumption in its favor because compliance with class action requirements must be demonstrated rather than presumed.  
Henry Schein, Inc. v. Stromboe
, 102 S.W.3d 675, 691-92 (Tex. 2002).  We also must evaluate “the claims, defenses, relevant facts, and applicable substantive law.”  
Bernal
, 22 S.W.3d at 435. 
 All class actions must satisfy four threshold requirements: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.  
Tex. R. Civ. P.
 42(a); 
Fuller v. State Farm County Mut. Ins. Co.
, 156 S.W.3d 658, 660 (Tex. App.—Fort Worth 2005, no pet.).  Class representatives must also meet at least one of the subdivisions of Rule 42(b). A judgment in favor of class members should decisively settle the entire controversy, and all that should remain is for other members of the class to file proof of their claim.  
Bernal
, 22 S.W.3d at 434.  Here, the trial court found the requirements of Rule 42(a) were met and certified the class under all the subdivisions of Rule 42(b).

IV.  Numerosity

At the class certification hearing, Appellees established, and All American does not dispute, that numerous class members currently exist (approximately five hundred).  Instead, in its first issue, All American contends that Rule 42(a)’s numerosity requirement can never be met in this case because the claims of these approximately five hundred putative class members are barred by limitations.  
Tex. R. Civ. P.
 42(a).  The parties agree that Appellees’ claims as well as the claims of putative class members are governed by the four-year statute of limitations, that limitations commenced in July 1998, and that the running of limitations was tolled when suit was filed in April 1999.  
See Crown, Cork & Seal Co. v. Parker
, 462 U.S. 345, 353-54, 103 S. Ct. 2392, 2397-98 (1983) (holding that the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class); 
Grant v. Austin Bridge Constr. Co.
, 725 S.W.2d 366, 369 (Tex. App.—Houston [14th Dist.] 1987, no writ) (same).  All American argues, however, that limitations started running again when the trial court denied class certification on December 7, 2000, and that therefore the four-year limitations period expired while the prior summary judgment appeal was pending in this court and before the trial court certified the class on January 28, 2005.

The problem with All American’s position is that limitations is an affirmative defense on which All American has the burden of proof.  
See
 
Tex. R. Civ. P.
 94 (listing statute of limitations as an affirmative defense).  A defendant moving for a summary judgment on the affirmative defense of limitations has the burden to conclusively establish that defense, including the accrual date of the cause of action.  
See Diversicare Gen. Partner, Inc. v. Rubio
, No. 2-0849, 49 Tex. Sup. Ct. J. 19, 2005 WL 2585490, at *2 (Tex. Oct. 14, 2005).  But All American has not moved for summary judgment on this affirmative defense.  Instead, All American seeks to obtain from us, by virtue of our review of the class certification order, a ruling that all putative class members’ claims are barred based on its affirmative defense of limitations.
(footnote: 6) All American cites several cases in support of its proposition that limitations has run on the claims of all putative class members.  
See Calderon v. Presidio Valley Farmers Ass’n
, 863 F.2d 384, 390 (5th Cir.), 
cert. denied
,  110 S. Ct. 79 (1989); 
Satterwhite v. City of Greenville
, 578 F.2d 987, 997 (5th Cir. 1978), 
vacated
, 445 U.S. 940, 100 S. Ct. 1334 (1980); 
Nat’l Ass’n of Gov’t Employees v. City Pub. Serv. Bd. of San Antonio
, 40 F.3d 698, 716 (5th Cir. 1994).  
But in most of those cases, the limitations issue was reviewed on direct appeal, not—as here—in an interlocutory appeal of a class certification order.  
See
 
Calderon, 
863 F.2d at 386 (dealing with direct appeal of trial court’s damage award); 
Nat’l Ass’n of Gov’t Employees, 
40 F.3d at 716 (dealing with motions to dismiss in federal court, not interlocutory appeal from class certification order).  All American may, or may not, at some point be entitled to summary judgment based on its affirmative defense of limitations; but we decline to review All American’s limitations arguments in this interlocutory appeal from the trial court’s class certification order.  
See
 
Grant Thornton LLP v. Suntrust Bank
, 133 S.W.3d 342, 363 (Tex. App.—Dallas 2004, pet. filed) (pointing out in second appeal that in first appeal appellate court had “held that review of the merits of the appellants’ limitations defense was inappropriate on the appeal of a class-certification order because, ‘In an interlocutory appeal from a certification order, we may not determine the validity of defenses asserted against the class. . . .’”); 
Enron Oil & Gas Co. v. Joffrion
, 116 S.W.3d 215, 219 (Tex. App.—Tyler 2003, no pet.) (recognizing that in class certification appeal appellate court “may not consider the substantive merits of the case”).  In short, we refuse to hold in this interlocutory class certification appeal that All American is entitled to judgment as a matter of law on its unlitigated limitations defense.

We overrule All American’s first issue.

V.  Predominance:  Choice of Law

In its second issue, All American argues that Appellees failed to establish the predominance of common legal issues and in its third issue, All American argues that Appellees failed to establish the predominance of common factual issues.  
See
 
Tex. R. Civ. P.
 42(b)(3).  A common question exists when the answer as to one class member is the same as to all.  
O’Hara v. N. Am. Mortgage Co.
, 150 S.W.3d 181, 186 (Tex. App.—Tyler 2002),  
rev’d on other grounds
, 153 S.W.3d 43 (Tex. 2004); 
Spera v. Fleming, Hovenkamp & Grayson
, P.C., 4 S.W.3d 805, 810 (Tex. App.—Houston [14th Dist.] 1999, no pet.).  The requirement that questions of law or fact common to the class predominate over questions affecting only individual class members—the “predominance requirement”—is one of the most stringent prerequisites to class certification.  
Bernal
, 22 S.W.3d at 433.  The predominance requirement “prevent[s] class action litigation when the sheer complexity and diversity of the individual issues would overwhelm or confuse a jury or severely compromise a party’s ability to present viable claims or defenses.”  
BMG Direct Mktg., Inc. v. Peake, 
178 S.W.3d 763, 777 (Tex. 2005). 
“The test for predominance is not whether common issues outnumber uncommon issues but . . . ‘whether common or individual issues will be the object of most of the efforts of the litigants.’”  
Bernal
, 22 S.W.3d at 434 
(quoting 
Cent. Power & Light Co. v. City of San Juan
, 962 S.W.2d 602, 610 (Tex. App.—Corpus Christi 1998, pet. dism’d w.o.j.)).  Further, “[c]ourts determine if common issues predominate by identifying the substantive issues of the case that will control the outcome of the litigation, assessing which issues will predominate, and determining if the predominating issues are, in fact, those common to the class.”  
Id.
; 
J.C. Penney Co. v. Pitts
, 139 S.W.3d 455, 460-61 (Tex. App.—Corpus Christi 2004, no pet.).

Additionally, the trial court must resolve choice of law issues the parties have raised before certifying a class.  
State Farm Mut. Auto. Ins. Co. v. Lopez
, 156 S.W.3d 550, 556 (Tex. 2004); 
Compaq Computer Corp. v. Lapray
, 135 S.W.3d 657, 671-72 (Tex. 2004).  Choice of law issues must be resolved for the trial court to accurately make its predominance determination.  
Compaq
, 135 S.W.3d at 671-72 (citing 
Tracker Marine, L.P. v. Ogle
, 108 S.W.3d 349, 351-52 (Tex. App.—Houston [14th Dist.] 2003, no pet.) and 
Spence v. Glock
, 227 F.3d 308, 313 (5th Cir. 2000)).  The trial court must determine what law applies to successfully evaluate the claims and defenses for predominance.  
Id. 
Here, the approximately five hundred putative class members reside in thirty-six states.  While it appears, based on our discussion in our opinion in the summary judgment appeal, that the laws of all of the states are the same concerning Appellees’ breach of contract and illusory contract claims and concerning All American’s affirmative defense of novation, Appellees bear the burden of establishing this is so.  
See Compaq Computer Corp.
, 135 S.W.3d at 672 (requiring resolution of choice of law issues prior to certification); 
Tracker Marine
, 108 S.W.3d at 351-52 (same); 
Vandeventer
, 101 S.W.3d at 712-17 (discussing law of novation in various states and as set forth in 14 
Eric Mills Holmes
, 
Appleman on Insurance 2d
 § 109.1, at 609 (2000)), at 720-21 (recognizing in Indiana and South Carolina illusory contract is “an apparent promise which makes performance optional with the promisor [and] is in fact no promise”).  Or, at least, Appellees bear the burden of establishing that any differences in the laws fall into manageable categories.
  Accord In re Prudential Ins. Co. of Am. Sales Practices Litig.
, 962 F. Supp. 450, 525 (D.N.J. 1997) (recognizing, based on series of charts setting forth analyses of different states’ laws, that laws fell into predictable pattern that could be managed by jury instructions), 
aff’d
, 148 F.3d 283 (3d Cir. 1998), 
cert. denied
, 525 U.S. 1114 (1999).  The trial court must conduct an extensive, state-by-state choice of law analysis before determining factual predominance, superiority, cohesiveness, and even manageability.  
Compaq Computer Corp.
, 135 S.W.3d at 673-74 (holding “the lower courts erred by failing to conduct a state-by-state analysis of the questions of law presented”).  Because a more rigorous analysis of the choice of law issue is required, we sustain All American’s second issue.

The Texas Supreme Court has instructed us that a choice of law analysis is a prerequisite to any factual predominance, superiority, cohesiveness, or manageability determination. 
 Id
.  Because any subsequent choice of law analysis will necessarily impact the other class certification prerequisites, we need not address All American’s challenges to them in this appeal.  
Id.
 at 680 (holding that in reversing certification order for failure to conduct rigorous choice of law analysis, challenges to other certification prerequisites need not be addressed).  

VI.  Conclusion

Because we have sustained All American’s second issue, we reverse the trial court’s class certification order and remand this case to the trial court for further certification proceedings.

SUE WALKER

JUSTICE

PANEL B: HOLMAN, GARDNER, and WALKER, JJ.

DELIVERED: March 23, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P. 
47.4.

2:
See
 Tex. Civ. Prac. & Rem. Code Ann.
 § 51.014(a)(3) (Vernon Supp. 2005).

3:
See
 
Nat’l W. Life Ins. Co. v. Rowe
, 164 S.W.3d 389, 392 (Tex. 2005); 
N.
 
Am. Mortgage Co. v. O’Hara
, 153 S.W.3d 43, 44 (Tex. 2004); 
Sw. Ref. Co. v. Bernal
, 22 S.W.3d 425, 435 (Tex. 2000).

4:
See, e.g., N. Am. Mortgage Co.
, 153 S.W.3d at 44 (indicating that the court of appeals should remand to the trial court for further certification proceedings when the required rigorous analysis is not satisfied).

5:
This is the second appeal in this case.  
See Vandeventer v. All Am. Life & Cas. Co.
, 101 S.W.3d 703, 707 (Tex. App.—Fort Worth 2003, no pet.).  The factual and procedural background of the case remains largely unchanged, so we quote extensively from our prior opinion.

6:
All American argues that “the statute of limitations bars all of the putative class members’ claims; consequently there is no class to satisfy the numerosity precondition.”