COURT OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO. 2-05-016-CV

 

 

ALL AMERICAN
LIFE & CASUALTY                                        APPELLANT

INSURANCE COMPANY N/K/A ALL 

AMERICAN LIFE INSURANCE 

COMPANY

 

                                                   V.

 

ROBERT L.
VANDEVENTER, DUANE                                        APPELLEES

D. WOODROW, AND B. LEGARE 

WALPOLE, JR.

 

                                              ------------

 

            FROM THE 17TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

I.  Introduction

 








This is an
interlocutory appeal from the trial court=s order certifying a class action against Appellant
All American Life Insurance Company.[2]  In four issues, All American argues that the
trial court failed to conduct the necessary rigorous analysis and erred by
concluding that the numerosity, predominance, and superiority requirements of
Rule 42(b)(3) of the rules of civil procedure have been met.  See Tex.
R. Civ. P. 42(b)(3).  Because the
certification order does not demonstrate that the trial court conducted the
rigorous analysis required by Texas Supreme Court case law,[3]
we will reverse the trial court=s certification order and remand this cause to the
trial court for further certification proceedings.[4]

 

 

 








II.  Factual and Procedural
Background[5]

In 1969, All
American began selling Farmers= and Ranchers= Disability, Accident and Health Insurance
Policies.  For an additional premium, an
insured could obtain a APremium Return Benefit Rider,@
providing that, if the insured made no claims during a ten‑year period of
the policy, All American would refund to the insured eighty percent of the
premiums paid during that period.  The
benefit rider also provided for a lesser refund of eighty percent of the
premiums paid during a ten‑year period minus the amount of claims paid if
the insured made claims not greater than twenty‑five percent of the ten‑year
premium amount.  Numerous putative class
members purchased disability policies and riders from All American, paid their
premiums, and received the refunds due them.








Effective September
30, 1989, All American sold, or transferred, its existing Farmers= and
Ranchers= Disability, Accident and Health Insurance Policies to
American Insurance Company of Texas (AICT). 
After the effective date of the sale, all policyholders received letters
written on the letterhead of AThe National Insurance Group Insurance Companies,@
informing them Athat an agreement had been reached between AICT and
All American@ that Ayour policy . . . has been reinsured and assumed by
[AICT].@  The letter
assured the policyholders Athat there are no changes in your policy.  All of the terms and conditions of your
policy remain the same.@   Referring to
an enclosed AAssumption Certificate,@ the letter reiterated, AThis Certificate confirms there are no changes in the
terms and benefits of your current policy.@  The notice
letter further informed the policyholders that premium notices would be mailed
from AICT, enclosing a pre‑addressed envelope to mail currently due
premiums directly to AICT.

During the
subsequent nine‑year period from 1989 to 1998, putative class members
paid premiums to AICT, including the premiums for the return of premium
rider.  In July 1998, after collecting
nine years of premiums, including nine years of refund benefit rider premiums,
AICT notified putative class members that it was cancelling their policies and
denying any return of premiums for that ten‑year period.  In 1999, a class action suit was filed
against AICT, All American, and National Group Insurance Companies.








AICT consented to
class certification in August 2000 and is not a party to this appeal.  On August 30, 2000, the trial court denied
Appellees= request that a class be certified against All
American.  On October 5, 2000, the trial
court denied Appellees motion for reconsideration of this class certification
ruling.  All American then filed a
motion for summary judgment, which the trial court granted.  Appellees appealed that judgment to this court.  We reversed the summary judgment on
Appellees= breach of contract and illusory contract claims and
remanded those claims to the trial court; we affirmed the balance of the
summary judgment for All American.  See
Vandeventer, 101 S.W.3d at 724. 
After we remanded the breach of contract and illusory contract claims
against All American, Appellees again sought certification of a class asserting
these claims against All American. 
After a hearing, the trial court entered an order certifying a class of
policyholders.  All American perfected
this appeal.

III.  Standard of Review








We review a trial
court=s ruling on class certification for abuse of
discretion.  Bernal, 22 S.W.3d at
439.  A clear failure by the trial court
to analyze or apply the law correctly is an abuse of discretion.  McDaniel v. Yarbrough, 898 S.W.2d
251, 253 (Tex. 1995).  Although we
review the trial court=s order for abuse of discretion, we do not indulge
every presumption in its favor because compliance with class action
requirements must be demonstrated rather than presumed.  Henry Schein, Inc. v. Stromboe, 102
S.W.3d 675, 691‑92 (Tex. 2002). 
We also must evaluate Athe claims, defenses, relevant facts, and applicable
substantive law.@  Bernal,
22 S.W.3d at 435.  All class actions
must satisfy four threshold requirements: (1) the class is so numerous that
joinder of all members is impracticable; (2) there are questions of law or fact
common to the class; (3) the claims or defenses of the representative parties
are typical of the claims or defenses of the class; and (4) the representative
parties will fairly and adequately protect the interests of the class.  Tex.
R. Civ. P. 42(a); Fuller v. State Farm County Mut. Ins. Co., 156
S.W.3d 658, 660 (Tex. App.CFort Worth 2005, no pet.).  Class representatives must also meet at least one of the
subdivisions of Rule 42(b). A judgment in favor of class members should
decisively settle the entire controversy, and all that should remain is for
other members of the class to file proof of their claim.  Bernal, 22 S.W.3d at 434.  Here, the trial court found the requirements
of Rule 42(a) were met and certified the class under all the subdivisions of
Rule 42(b).

IV.  Numerosity








At the class
certification hearing, Appellees established, and All American does not
dispute, that numerous class members currently exist (approximately five
hundred).  Instead, in its first issue,
All American contends that Rule 42(a)=s numerosity requirement can never be met in this case
because the claims of these approximately five hundred putative class members
are barred by limitations.  Tex. R. Civ. P. 42(a).  The parties agree that Appellees= claims
as well as the claims of putative class members are governed by the four-year
statute of limitations, that limitations commenced in July 1998, and that the
running of limitations was tolled when suit was filed in April 1999.  See Crown, Cork & Seal Co. v. Parker,
462 U.S. 345, 353-54, 103 S. Ct. 2392, 2397-98 (1983) (holding that the
commencement of a class action suspends the applicable statute of limitations
as to all asserted members of the class); Grant v. Austin Bridge Constr. Co.,
725 S.W.2d 366, 369 (Tex. App.CHouston [14th Dist.] 1987, no writ) (same).  All American argues, however, that
limitations started running again when the trial court denied class
certification on December 7, 2000, and that therefore the four-year limitations
period expired while the prior summary judgment appeal was pending in this
court and before the trial court certified the class on January 28, 2005.













The problem with
All American=s position is that limitations is an affirmative
defense on which All American has the burden of proof.  See Tex.
R. Civ. P. 94 (listing statute of limitations as an affirmative
defense).  A defendant moving for a
summary judgment on the affirmative defense of limitations has the burden to
conclusively establish that defense, including the accrual date of the cause of
action.  See Diversicare Gen.
Partner, Inc. v. Rubio, No. 2-0849, 49 Tex. Sup. Ct. J. 19, 2005 WL 2585490,
at *2 (Tex. Oct. 14, 2005).  But All
American has not moved for summary judgment on this affirmative defense.  Instead, All American seeks to obtain from
us, by virtue of our review of the class certification order, a ruling that all
putative class members= claims are barred based on its affirmative defense of
limitations.[6]        All American cites several cases in
support of its proposition that limitations has run on the claims of all putative
class members.  See Calderon v.
Presidio Valley Farmers Ass=n, 863 F.2d
384, 390 (5th Cir.), cert. denied, 
110 S. Ct. 79 (1989); Satterwhite v. City of Greenville, 578 F.2d
987, 997 (5th Cir. 1978), vacated, 445 U.S. 940, 100 S. Ct. 1334 (1980);
Nat=l Ass=n of Gov=t Employees v. City Pub. Serv. Bd. of San Antonio, 40 F.3d 698, 716 (5th Cir. 1994).  But in most of those cases, the limitations
issue was reviewed on direct appeal, notCas hereCin an interlocutory appeal of a class certification
order.  See Calderon, 863
F.2d at 386 (dealing with direct appeal of trial court=s damage
award); Nat=l Ass=n of Gov=t Employees, 40
F.3d at 716 (dealing with motions to dismiss in federal court, not
interlocutory appeal from class certification order).  All American may, or may not, at some point be entitled to
summary judgment based on its affirmative defense of limitations; but we decline
to review All American=s limitations arguments in this interlocutory appeal
from the trial court=s class certification order.  See Grant Thornton LLP v. Suntrust Bank, 133 S.W.3d
342, 363 (Tex. App.CDallas 2004, pet. filed) (pointing out in second
appeal that in first appeal appellate court had Aheld that review of the merits of the appellants=
limitations defense was inappropriate on the appeal of a class‑certification
order because, >In an interlocutory appeal from a certification order,
we may not determine the validity of defenses asserted against the class. . . .=@); Enron Oil & Gas Co. v. Joffrion, 116
S.W.3d 215, 219 (Tex. App.CTyler 2003, no pet.) (recognizing that in class
certification appeal appellate court Amay not consider the substantive merits of the case@).  In short, we refuse to hold in this interlocutory
class certification appeal that All American is entitled to judgment as a
matter of law on its unlitigated limitations defense.

We overrule All
American=s first issue.

V.  Predominance:  Choice of Law








In its second
issue, All American argues that Appellees failed to establish the predominance
of common legal issues and in its third issue, All American argues that
Appellees failed to establish the predominance of common factual issues.  See Tex.
R. Civ. P. 42(b)(3).  A common
question exists when the answer as to one class member is the same as to
all.  O=Hara
v. N. Am. Mortgage Co., 150 S.W.3d
181, 186 (Tex. App.CTyler 2002),  rev=d
on other grounds, 153 S.W.3d 43 (Tex.
2004); Spera v. Fleming, Hovenkamp & Grayson, P.C., 4 S.W.3d 805,
810 (Tex. App.CHouston [14th Dist.] 1999, no pet.).  The requirement that questions of law or
fact common to the class predominate over questions affecting only individual
class membersCthe Apredominance requirement@Cis one
of the most stringent prerequisites to class certification.  Bernal, 22 S.W.3d at 433.  The predominance requirement Aprevent[s]
class action litigation when the sheer complexity and diversity of the
individual issues would overwhelm or confuse a jury or severely compromise a
party=s ability to present viable claims or defenses.@  BMG Direct Mktg., Inc. v. Peake, 178
S.W.3d 763, 777 (Tex. 2005). AThe test for predominance is not whether common issues
outnumber uncommon issues but . . . >whether common or individual issues will be the object
of most of the efforts of the litigants.=@  Bernal, 22 S.W.3d at 434 (quoting Cent.
Power & Light Co. v. City of San Juan, 962 S.W.2d 602, 610 (Tex. App.CCorpus
Christi 1998, pet. dism=d w.o.j.)). 
Further, A[c]ourts determine if common issues predominate by
identifying the substantive issues of the case that will control the outcome of
the litigation, assessing which issues will predominate, and determining if the
predominating issues are, in fact, those common to the class.@  Id.; J.C. Penney Co. v. Pitts,
139 S.W.3d 455, 460-61 (Tex. App.CCorpus Christi 2004, no pet.).

 













Additionally, the
trial court must resolve choice of law issues the parties have raised before
certifying a class.  State Farm Mut.
Auto. Ins. Co. v. Lopez, 156 S.W.3d 550, 556 (Tex. 2004); Compaq
Computer Corp. v. Lapray, 135 S.W.3d 657, 671-72 (Tex. 2004).  Choice of law issues must be resolved for
the trial court to accurately make its predominance determination.  Compaq, 135 S.W.3d at 671-72 (citing Tracker
Marine, L.P. v. Ogle, 108 S.W.3d 349, 351‑52 (Tex. App.CHouston
[14th Dist.] 2003, no pet.) and Spence v. Glock, 227 F.3d 308, 313 (5th
Cir. 2000)).  The trial court must
determine what law applies to successfully evaluate the claims and defenses for
predominance.  Id.        Here, the approximately five hundred
putative class members reside in thirty-six states.  While it appears, based on our discussion in our opinion in the
summary judgment appeal, that the laws of all of the states are the same
concerning Appellees= breach of contract and illusory contract claims and
concerning All American=s affirmative defense of novation, Appellees bear the
burden of establishing this is so.  See
Compaq Computer Corp., 135 S.W.3d at 672 (requiring resolution of choice of
law issues prior to certification); Tracker Marine, 108 S.W.3d at 351-52
(same); Vandeventer, 101 S.W.3d at 712-17 (discussing law of novation in
various states and as set forth in 14 Eric
Mills Holmes, Appleman on
Insurance 2d ' 109.1, at 609 (2000)), at 720-21 (recognizing in
Indiana and South Carolina illusory contract is Aan apparent promise which makes performance optional
with the promisor [and] is in fact no promise@).  Or, at
least, Appellees bear the burden of establishing that any differences in the
laws fall into manageable categories. 
Accord In re Prudential Ins. Co. of Am. Sales Practices Litig., 962
F. Supp. 450, 525 (D.N.J. 1997) (recognizing, based on series of charts setting
forth analyses of different states= laws, that laws fell into predictable pattern that
could be managed by jury instructions), aff=d, 148 F.3d 283 (3d Cir. 1998), cert. denied,
525 U.S. 1114 (1999).  The trial court
must conduct an extensive, state-by-state choice of law analysis before
determining factual predominance, superiority, cohesiveness, and even
manageability.  Compaq Computer Corp.,
135 S.W.3d at 673-74 (holding Athe lower courts erred by failing to conduct a
state-by-state analysis of the questions of law presented@).  Because a more rigorous analysis of the
choice of law issue is required, we sustain All American=s second
issue.








The Texas Supreme
Court has instructed us that a choice of law analysis is a prerequisite to any
factual predominance, superiority, cohesiveness, or manageability
determination.  Id.  Because any subsequent choice of law
analysis will necessarily impact the other class certification prerequisites,
we need not address All American=s challenges to them in this appeal.  Id. at 680 (holding that in reversing
certification order for failure to conduct rigorous choice of law analysis,
challenges to other certification prerequisites need not be addressed).  

VI.  Conclusion

Because we have
sustained All American=s second issue, we reverse the trial court=s class
certification order and remand this case to the trial court for further
certification proceedings.

 

 

 

SUE WALKER

JUSTICE

 

PANEL B:   HOLMAN,
GARDNER, and WALKER, JJ.

 

DELIVERED: March 23, 2006

 











[1]See Tex. R. App. P. 47.4.





[2]See Tex. Civ. Prac. & Rem. Code Ann. ' 51.014(a)(3) (Vernon Supp. 2005).





[3]See Nat=l
W. Life Ins. Co. v. Rowe, 164 S.W.3d
389, 392 (Tex. 2005); N. Am. Mortgage Co. v. O=Hara, 153 S.W.3d 43, 44 (Tex. 2004); Sw. Ref. Co. v.
Bernal, 22 S.W.3d 425, 435 (Tex. 2000).





[4]See, e.g., N. Am. Mortgage Co., 153 S.W.3d at 44 (indicating that the court of
appeals should remand to the trial court for further certification proceedings
when the required rigorous analysis is not satisfied).





[5]This is the second appeal in this case.  See Vandeventer v. All Am. Life &
Cas. Co., 101 S.W.3d 703, 707 (Tex. App.CFort Worth 2003, no pet.).  The factual and procedural background of the case remains largely
unchanged, so we quote extensively from our prior opinion.





[6]All American argues that Athe
statute of limitations bars all of the putative class members= claims;
consequently there is no class to satisfy the numerosity precondition.@