**STATE FARM MUTUAL AUTOMO-BILE INSURANCE COMPANY and Wendy L. Gramm, Appellants,**

v.

**Alicia LOPEZ, Adan Munoz, Jr., Juan Llanes, Diana Moreno, and Albert Alaniz, Appellees.**

**No. 13–99–814–CV.**

Court of Appeals of Texas, Corpus Christi.

May 3, 2001.

Gary L. Gurwitz, Atlas & Hall, McAllen, John J. McKetta, III, Graves, Dougherty, Hearon & Moody, Austin, for appellants.

Katie Pearson Klein, Dale & Klein, William D. Mount, Jr., Dale & Klein, L.L.P., McAllen, Ramon Garcia, Edinburg, Adam Poncio, Law Offices of Cerda & Poncio, San Antonio, Roy S. Dale, Dale & Klein, McAllen, for appellees.

Before Justices HINOJOSA, RODRIGUEZ, and CHAVEZ.[1]

## OPINION ON MOTION FOR REHEARING

Opinion by Justice HINOJOSA.

Appellants have filed a motion for rehearing in which they contend that this Court should remand the class certification order to the trial court for the creation of a trial plan. In support of this contention, appellants cite *Southwestern Refining Co.,*

---

1. Retired Justice Melchor Chavez, assigned to this Court by the Chief Justice of the Texas Supreme Court pursuant to TEX. GOV'T CODE ANN. § 74.003 (Vernon 1998).

*Inc. v. Bernal,* 22 S.W.3d 425, 435 (Tex. 2000) (holding that a rigorous analysis is required before a ruling on class certification is made), and this Court's opinion in *Nissan Motor Co., Ltd. v. Fry,* 27 S.W.3d 573, 592 (Tex.App.—Corpus Christi 2000, pet. denied)(remanding a class certification order to the trial court for formulation of a trial plan).

■ Appellants filed a supplemental brief after the supreme court issued *Bernal,* but they cited *Bernal* only to support their argument that a trial court must look beyond the pleadings in order to see whether an actionable claim has been pleaded. Appellants did not claim that *Bernal* required the trial court to formulate a trial plan. We hold that appellants have waived this issue.

■ Even if this issue was not waived, we do not read either *Bernal* or *Nissan* to require a trial plan in every class certification order. In *Bernal,* the supreme court held that:

> [a] trial court's certification order must indicate how the claims will likely be tried so that conformance with Rule 42 may be meaningfully evaluated. "Given the plaintiffs' burden, a court cannot rely on [mere] assurances of counsel that any problems with predominance or superiority can be overcome.

*Bernal,* 22 S.W.3d at 435 (citations omitted).

Because *Nissan* involved different models of vehicles, different causes of action, and purchasers of both new and used vehicles, this Court held that the trial court had erred in determining that common issues would predominate over individual issues without a trial plan to formulate how the case would be tried. *Nissan,* 27 S.W.3d at 592. However, the instant case is very different from *Nissan.* In this case, the class members have the same policy language and the same set of facts surrounding the alleged failure of appellants to pay a sufficient dividend.

Appellants raised three issues on appeal: (1) the jurisdiction of the trial court to hear the case, (2) the typicality of the class representatives, and (3) whether the class representatives could adequately represent the class. Indeed, appellants did not complain of the predominance of common issues or the superiority of the class action method.

We hold that a trial plan is not necessary in this case. Appellants' motion for rehearing is overruled.