**STATE FARM MUTUAL AUTO-MOBILE INSURANCE CO. and Wendy Gramm, Petitioners,**

v.

**Alicia LOPEZ, Adan Munoz, Jr., Juan Llanes, Diana Moreno, and Albert Alaniz, on behalf of themselves and as representatives of a class, Respondents.**

No. 01–0540.

Supreme Court of Texas.

Argued April 14, 2004.

Decided Dec. 3, 2004.

P.M. Schenkkan and William W. Dibrell, William Gerow Christian, John J. McKetta, III, Graves Dougherty Hearon & Moody, Austin, and Gary Gurwitz, Atlas & Hall, McAllen, for Petitioner.

Adam Poncio, Law Offices of Cerda & Poncio, P.C., San Antonio, William D. Mount Jr., Roy S. Dale, Katie P. Klein, Dale & Klein, McAllen, Ramon Garcia, Law Offices of Ramon Garcia, P.C., Edinburg, for Respondent.

Sara Scribner and Karen Pettigrew, Office of Attorney General, Austin, for Amicus Curiae.

Justice O'NEILL delivered the opinion of the Court.

We granted Petitioners' motion for rehearing on May 8, 2003, and withdrew our opinion and dismissal order of October 31, 2002. We now substitute the following opinion.

In this interlocutory appeal, State Farm Mutual Automobile Insurance Company challenges an order certifying a class of its Texas policyholders who seek refunds or dividends from the company's surplus. The court of appeals affirmed. 45 S.W.3d 182, 185. We hold that the trial court failed to perform the rigorous analysis that class certification requires and abused its discretion in certifying the class. Accordingly, we reverse the court of appeals' judgment and remand to the trial court for

further proceedings consistent with this opinion.

## I. Background

State Farm Mutual Automobile Insurance Company insures more than 34 million vehicles throughout all 50 states and Canada, including 3 million in Texas. Incorporated in Illinois under Illinois law as a mutual insurance company, State Farm has no investor-shareholders. Instead, it is owned by its policyholders, who elect its board of directors. Under the company's by-laws, the board is vested with authority to manage and control the company's affairs. The by-laws authorize the board to issue refunds or dividends to policyholders "upon such terms and conditions and in such amounts or percentages" as the board, in its judgment, deems "proper, just and equitable," subject to governing laws and regulations. Under Texas Department of Insurance regulations, State Farm cannot pay a dividend in Texas without the Department's approval. *See* 28 TEX. AD-MIN. CODE § 5.102 (2004) (Tex. Dep't of Ins., Dividends Procedure).

State Farm, like all insurance companies, maintains a "surplus" or "policyholder protection fund" representing the difference between its assets, including invested premiums, and its liabilities, including loss reserves. The fund is intended to assure that sufficient resources are available to cover policyholder claims in the event of catastrophic occurrences like earthquakes or hurricanes, or the sudden depletion of assets due to economic downturns. This fund provides the source of any dividends paid to policyholders. State Farm does not factor the payment of dividends into the calcu-

lus when it sets rates. Instead, dividends may be paid, and/or the company may choose to lower its premium rates, when the company's losses and its financial condition prove to be better than expected. When the board decides to declare a dividend, it allocates the payment among the various states policy' holders based upon its loss experience in each particular state. So, for example, when State Farm declared a dividend in 1998, Texas policyholders received 20 percent of the total national dividend, though only 8 percent of its insured vehicles are in Texas.

Every State Farm policy provides:

The policyholder is a member of the company and shall participate, to the extent and upon the conditions fixed and determined by the Board of Directors in accordance with the provisions of law, in the distribution of dividends so fixed and determined.

In 1998, State Farm policyholders Alicia Lopez, Adan Munoz, Jr., Juan Llanes, Diana Moreno, and Albert Alaniz sued State Farm and its directors asserting a right to refunds and/or dividends under this provision.[1] Plaintiffs' Third Amended Petition alleged that State Farm's 1997 balance sheet reflected a "surplus as regards" policyholders of $37,608,321,862, an increase of more than $7.5 billion over the previous year. They further alleged that the board of directors had abused its discretion in failing to declare adequate dividends and that, given such a surplus, the company and its directors had breached a contractual obligation to pay sufficient dividends. In addition, plaintiffs asserted claims for fraud, malicious suppression of dividends, breach of fiduciary duty, and misrepresen-

---

1. Plaintiffs also sued State Farm County Mutual Insurance Company, but none of the putative class representatives are policyholders and the trial court did not certify a class as to

that company. Alma Cavazos also asserted a claim, which she later nonsuited; accordingly, she is no longer identified as a class representative.

tation. They seek "payment of a reasonable dividend, or a return or credit from the savings and gains of the corporation."

Plaintiffs requested that the trial court certify a class under Texas Rule of Civil Procedure 42(b)(1)(A), (B), and (4).[2] They initially sought to certify a nationwide class of all State Farm policyholders from 1994 up until the time of trial, but at the certification hearing limited their request to a class of Texas policyholders. The trial court granted plaintiffs' certification motion. The order, in its entirety, provides:

> Plaintiff's Second Amended Motion for Class Certification came on for hearing on August 31, 1999. Having considered the papers filed in support of, and in opposition to the Second Amended Motion for Class Certification, the evidence presented, and the argument of counsel, the court finds that said motion is well-taken.
>
> THE COURT THEREFORE ORDERS AS FOLLOWS:
>
> 1. Plaintiffs' Second Amended Motion for Class Certification is GRANTED; and
> 2. The certified class is defined as all persons and entities who are or had been policyholders of vehicle casualty policies issued by STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY in the State of Texas during the years 1994, 1995,

1996, 1997, 1998, and 1999 and up to the time of trial.

State Farm and director Wendy Gramm filed an interlocutory appeal of the certification order under section 51.014(a)(3) of the Texas Civil Practice and Remedies Code.[3] After briefs were filed in the court of appeals, we decided *Southwestern Refining Co. v. Bernal,* holding that it was improper for a trial court to certify a class without performing a rigorous analysis of class-certification prerequisites and without indicating how the claims will likely be tried. 22 S.W.3d 425, 435 (Tex.2000). The court of appeals affirmed the certification order. 45 S.W.3d at 185. On rehearing, the court of appeals held that State Farm had waived any argument that *Bernal* required a trial plan for certification. 68 S.W.3d 701, 702. The court also held that *Bernal* does not require a trial plan in every certification order, particularly here, when predominance and superiority are not challenged. *Id.* We initially dismissed State Farm's petition for review for want of jurisdiction, 46 Tex. Sup.Ct. J. 129, 130 (Nov. 2, 2002), but granted the petition on rehearing to reconsider our jurisdiction over this appeal.[4]

## II. Jurisdiction

■■■ Jurisdiction over interlocutory appeals is generally final in the courts of

---

**2.** Rule 42 has since been amended to eliminate former subsection (b)(3). Former subsection (b)(4), which allowed for class certification if common questions of law and fact predominate over individual issues and a class action is a superior method of adjudicating a controversy, is now subsection (b)(3). In this opinion, we will refer to this provision as it was numbered at the time the class was certified.

**3.** Other board members specially appeared in the trial court, but are not parties to this

appeal. We will refer to State Farm and director Wendy Gramm collectively as State Farm.

**4.** We abated these proceedings to allow the parties to request that the trial court amend the class definition. The amended definition excludes from the class "all serving judges and justices of the State of Texas and their spouses and anyone within three degrees of consanguinity to any serving judge or justice of the State of Texas."

appeals. TEX. GOV'T CODE § 22.225(b)(3).[5] Jurisdiction in this court is proper, however, if the court of appeals "holds differently from a prior decision of another court of appeals or of the supreme court." *Id.* §§ 22.225(c), 22.001(a)(2). State Farm contends that we have jurisdiction over this appeal because the court of appeals' decision conflicts with our decision in *Bernal.*

■ Our conflicts jurisdiction arises when, applying the same standards, two decisions cannot stand together; that is, one decision would operate to overrule the other had it been issued by the same court.[6] *Compaq Computer Corp. v. Lapray,* 135 S.W.3d 657, 663 (Tex.2004). It is not necessary that one court expressly disavow the other court's decision for conflicts jurisdiction to exist. *Henry Schein, Inc. v. Stromboe,* 102 S.W.3d 675, 689 (Tex. 2003). Instead, a conflict may arise when one court "correctly state[s] the law but misapplie[s] it." *Id.; see also Snyder Communications, L.P. v. Magana,* 142 S.W.3d 295, 298 (Tex.2004).

The court of appeals determined that *Bernal* does not "require a trial plan in every class certification order." 68 S.W.3d at 702. Upon initial review, we dismissed State Farm's petition for review for want of jurisdiction, concluding that the court of appeals' statement regarding a trial plan was mere dicta because the court had first determined that State Farm waived the

issue by not timely raising it. 46 Tex. Sup.Ct. J. at 130. In its motion for rehearing, State Farm claims we failed to apply the standard for distinguishing between alternative holdings and dicta that we applied in *Texas Natural Resource Conservation Commission v. White,* 46 S.W.3d 864, 868 (Tex.2001). On further consideration, we are persuaded that State Farm is correct.

In *TNRCC v. White,* the respondent argued that the alleged conflicting case, *Schaefer v. City of San Antonio,* 838 S.W.2d 688 (Tex.App.San Antonio 1992, no writ), would not support conflicts jurisdiction because it rested upon alternative holdings, which rendered the conflicting portion "merely dicta." 46 S.W.3d at 867. We rejected this argument and held that the standard for conflicts jurisdiction was met:

> The *Schaefer* court made two holdings: (1) the city was not "operating" or "using" the water pump and (2) the pump was not "motor-driven equipment." *Id.* at 693. Certainly, the court could have relied on either determination to reach its ultimate conclusion that sovereign immunity had not been waived. But it relied on both.

*Id.* at 868. As in *TNRCC v. White,* the court of appeals here relied on both waiver ("[w]e hold that appellants have waived this issue") and its conclusion that a trial

---

**5.** In 2003, the Legislature amended section 22.225(b) to give this Court jurisdiction over interlocutory appeals of orders certifying or refusing to certify a class. *See* Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 1.02, 2003 Tex. Gen. Laws 847, 848–49. That change does not apply to this appeal. Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 23.02(a), (d), 2003 Tex. Gen. Laws 847, 898–99.

**6.** In 2003, the Legislature amended section 22.225 of the Government Code to articulate the conflict standard for interlocutory ap-

peals. Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 1.02, 2003 Tex. Gen. Laws 847, 849. Section 22.225(e) now provides:

> For purposes of Subsection (c) [conflict jurisdiction], one court holds differently from another when there is inconsistency in their respective decisions that should be clarified to remove unnecessary uncertainty in the law and unfairness to litigants.

The amendment does not apply to this appeal. Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 23.02(d), 2003 Tex. Gen. Laws 847, 899.

plan was not necessary ("[w]e hold that a trial plan is not necessary in this case") to affirm the trial court's certification order. 68 S.W.3d at 702. The court's holding that a trial plan is unnecessary in this case cannot be reconciled with *Bernal.*

■ The court of appeals' holding is also irreconcilable with *Bernal* in that it limits the intended reach of our decision. The court determined that the predominance and superiority class-certification requirements are not in issue here, as they were in *Bernal,* and therefore a trial plan is unnecessary. It is true that our focus in *Bernal* was on these specific class-certification prerequisites, but our holding was not limited to these elements. To the contrary, we held that "[c]ourts must perform a 'rigorous analysis' before ruling on class certification to determine whether *all prerequisites to certification* have been met." 22 S.W.3d at 435 (emphasis added) (citing *General Tel. Co. of the Southwest v. Falcon,* 457 U.S. 147, 161, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982)). We continued:

> Thus it is improper to certify a class without knowing how the claims can and will likely be tried. *See Castano v. American Tobacco Co.,* 84 F.3d 734, 744 (5th Cir.1996). A trial court's certification order must indicate how the claims will likely be tried so that *conformance with Rule 42 may be meaningfully evaluated.*

*Id.* (emphasis added). Requiring a certification order to contain a trial plan allows a reviewing court to meaningfully evaluate whether certification of the class conforms with *all* Rule 42 prerequisites. *Id.*

In the present case, for example, State Farm contended in the trial court that the class should not be certified because Illinois law governs the action and would operate to bar the class representatives' claims. Because the class representatives have no viable claims, State Farm argued,

the class representatives' claims failed to satisfy Rule 42(a)(3)'s typicality requirement. State Farm also argued that the class representatives could not adequately represent the class due to irreconcilable conflicts between class members who held policies at different times. According to State Farm, a conflict of interest exists between present policyholders, like the class representatives, who are more interested in assuring that adequate reserves are available to pay claims, and past policyholders, who are more interested in receiving maximum dividend payments. Because the trial court's certification order addressed neither the choice-of-law issue State Farm raised nor the potential antagonism between present and past policyholders, it failed to reflect the rigorous analysis that we require for all class-certification prerequisites, including Rule 42(a)'s typicality and adequate-representation requirements. Accordingly, the court of appeals' decision conflicts with *Bernal,* and we have jurisdiction in this interlocutory appeal.

### III.   Certification

#### A.   Waiver

■ The policyholders claim the court of appeals correctly concluded that State Farm waived its no-trial-plan challenge to the certification order by failing to raise it until its motion for rehearing. We disagree. State Farm's initial brief in the court of appeals argued that a trial court has a duty to identify the substantive legal issues that will control the litigation's outcome, thus articulating one of the primary underpinnings of *Bernal's* trial-plan requirement. State Farm expressly challenged the certification order's conformance with *Bernal* for the first time in its reply brief because our *Bernal* opinion issued after the parties' initial briefs were filed in the court of appeals. State Farm

argued that the trial court's certification order reflected the "approach of certify now and worry later" we rejected in *Bernal,* and noted that *Bernal* requires courts to go "beyond the pleadings" and " 'understand the claims, defenses, relevant facts, and applicable substantive law in order to make a meaningful determination of certification issues.' " Reply Brief of Appellants at 20 (quoting *Bernal,* 22 S.W.3d at 435 (quoting *Castano v. Am. Tobacco Co.,* 84 F.3d 734, 744 (5th Cir.1996))). These arguments were sufficient to inform the court of appeals of State Farm's essential complaint. *See Tex. Mexican Ry. Co. v. Bouchet,* 963 S.W.2d 52, 54 (Tex.1998).

### B. Compliance with *Bernal*

State Farm argues that the trial court abused its discretion by failing to conduct a rigorous analysis of class-certification requirements indicating how the claims can and will likely be tried. Specifically, State Farm claims the trial court developed no plan to assure that the fundamentally conflicting economic interests among Texas policyholders are adequately represented. The divergent interests of different groups of current and former policyholders from different years, each of which would compete for a share of the alleged surplus, cannot possibly be adequately represented by one class with one counsel, State Farm claims. In addition, State Farm contends the trial court wholly failed to consider protecting the interests of policyholders from states other than Texas. Finally, State Farm contends the trial court failed to consider application of Illinois law to the policyholders' claims, which in State Farm's view would defeat the class.

We agree that the trial court's certification order is infirm in each of these respects, and we reject the policyholders' argument that *Bernal's* rigorous-analysis requirement applies only to predominance and superiority. As we have already said, a trial plan is required in every certification order to allow reviewing courts to assure that *all* requirements for certification under Rule 42 have been satisfied. The formulation of a trial plan assures that a trial court has fulfilled its obligation to rigorously analyze all certification prerequisites, and " 'understand[s] the claims, defenses, relevant facts, and applicable substantive law in order to make a meaningful determination of the certification issues.' " *Bernal,* 22 S.W.3d at 435 (quoting *Castano,* 84 F.3d at 744).

Here, State Farm raised significant choice-of-law issues and also argued that the interests of the class representatives and other class members were antagonistic. We recently emphasized that courts must resolve any choice-of-law issues the parties have raised before certifying a class in order to determine how the case will be tried. *Compaq,* 135 S.W.3d at 672, 680. Similarly, a class representative whose interests conflict with those of other class members may not adequately represent a class. *See Valley Drug Co. v. Geneva Pharms., Inc.,* 350 F.3d 1181, 1189 (11th Cir.2003). Although State Farm raised serious issues regarding which state's substantive law would govern trial of the case and potential antagonism between class members, nothing in the trial court's order suggests that the trial court took those issues into account when it certified the class. The order reflects the "certify now and worry later" approach that we firmly rejected in *Bernal* and ignores the "cautious approach to class certification" that we have deemed "essential." *Bernal,* 22 S.W.3d at 435. Accordingly, the court of appeals erred in affirming the certification order.

State Farm claims that, at a minimum, we should decertify the class and remand

to allow the trial court to perform the rigorous analysis that *Bernal* requires. But it claims we should go further and dismiss the policyholders' claims on the merits for a number of reasons; specifically, the policy does not create the duty class counsel claims, State Farm made no false communication, there was no reliance by the policyholders, no fiduciary duty exists between a mutual insurance company and its policyholders, and the common-law internal affairs doctrine and article 8.02A of the Texas Business Corporation Act dictate the application of Illinois law, which bars the classmembers' claims.[7] Because the putative class representatives have no viable claims, State Farm reasons, they cannot meet Rule 42(a)(3)'s typicality requirement and we should render final judgment against them.

■ In its certification order, the trial court did not identify the specific causes of action to be decided in this case, nor did it indicate how they would be tried or the substantive issues that would control their disposition. Thus, there is no meaningful way for us to evaluate the substance of the policyholders' claims. We note that State Farm has filed special exceptions and a plea to the jurisdiction in the trial court which are not in the record before us. The record reflects no ruling on those motions. If it is true, as State Farm contends, that no class member can state a viable claim, dispositive issues should be resolved by the trial court before certification is considered. *See Cowen v. Bank United of Texas*, 70 F.3d 937, 941–42 (7th Cir.1995). Given the state of the record,

however, we decline to resolve these issues in this interlocutory appeal of the trial court's certification order.

## IV. Conclusion

We hold that the trial court abused its discretion in certifying a class without formulating a trial plan confirming that it has rigorously analyzed the requirements of Rule 42. Accordingly, we reverse the court of appeals' judgment and remand to the trial court for further proceedings consistent with this opinion.

Justice SMITH and Justice MEDINA did not participate in the decision.

---

7. According to the United States Supreme Court, "The internal affairs doctrine is a conflict of laws principle which recognizes that only one State should have the authority to regulate a corporation's internal affairs—matters peculiar to the relationships among or between the corporation and its current officers, directors, and shareholders...." *Edgar*

*v. MITE Corp.*, 457 U.S. 624, 645, 102 S.Ct. 2629, 73 L.Ed.2d 269 (1982). Similarly, article 8.02(A) of the Texas Business Corporation Act provides that "only the laws of the jurisdiction of incorporation of a foreign corporation shall govern ... the internal affairs of the foreign corporation." TEX. BUS. CORP. ACT art. 8.02(A).