

NUMBER 13-08-00717-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE: NATIONWIDE CREDIT, INC. AND PLAZA ASSOCIATES

### On Petition for Writ of Mandamus and
### Motion for Emergency Relief

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Garza and Benavides
### Memorandum Opinion by Justice Garza

In this petition for writ of mandamus, relators, Nationwide Credit, Inc. ("Nationwide") and Plaza Associates ("Plaza"), contend that respondent, the Honorable James Klager, presiding judge of County Court at Law Number 4 of Nueces County, Texas, abused his discretion by ordering relators to issue class notices in connection with a lawsuit filed by real party in interest, James Flanagan. Relators claim that the trial court erred because their dispute with Flanagan was being determined exclusively in arbitration pursuant to a mediation agreement. We conditionally grant the petition in part.

## I. BACKGROUND

Relators are debt collectors that were hired by DirecTV to collect amounts allegedly owed by Flanagan for satellite television services. Flanagan sued relators in 2004, alleging

violations of the Texas Debt Collection Practices Act.[1]  *See* TEX. FIN. CODE ANN. §§ 392.001-.404 (Vernon 2006).  On October 25, 2005, the trial court certified a class in that case, *see* TEX. R. CIV. P. 42, and on July 21, 2006, the trial court rendered an order requiring relators to distribute notices to all class members.  The discovery process subsequently revealed that the contract between Flanagan and DirecTV included an arbitration clause.[2]  Relying on this clause, relators filed a motion with the trial court to decertify the class and compel arbitration, which the trial court denied on September 18, 2006.

Relators then filed an appeal and a parallel petition for writ of mandamus with this Court, challenging the trial court's order denying the motion to decertify and the motion to compel arbitration.  We denied the petition and dismissed the direct appeal for want of jurisdiction.  *In re Nationwide Credit, Inc.*, No. 13-06-521-CV, 2006 Tex. App. LEXIS 9380, at *1-2 (Tex. App.–Corpus Christi Oct. 19, 2006, orig. proceeding) (mem. op.); *Nationwide Credit, Inc. v. Flanagan*, No. 13-06-516-CV, 2006 Tex. App. LEXIS 9379, at *1-2 (Tex. App.–Corpus Christi Oct. 19, 2006, pet. denied) (mem. op.).  Relators then filed a petition for review and sought mandamus relief in the Texas Supreme Court.

While the supreme court cases were pending, relators reached an agreement with Flanagan in mediation on July 25, 2007.  The agreement, entitled "Agreement to Arbitrate All Controversies," provided in relevant part as follows:

> It is hereby agreed as of July 25, 2007, by and among the plaintiff James C. Flanagan in the above entitled action and defendants, Nationwide Credit, Inc. and Plaza Associates, by and through their respective attorneys as follows:
>
> . . . .
>
> 3.01 Claimaint [Flanagan], on the one hand, and Respondents [Nationwide and Plaza], on the other, agree that they shall submit to binding arbitration all disputes against each other arising out of or in any way related or connected to debt collection activities by Respondents

---

[1] Trial court cause number 04-60565-4.

[2] The record before this Court does not include a copy of the contract between Flanagan and DirecTV.

against Claimant whether violations of statutes or common law and including claims for class arbitration.

. . . .

8.01    At this time, the parties have not agreed on whether the case should proceed in arbitration as a class action. To resolve that dispute, the parties agree that the Class Certification procedures and entry of a Class Determination Award will be conducted according to the AAA [American Arbitration Association] Class Rules 4 and 5.

8.02    The parties have a dispute about the appropriate weight to be given to the Trial Court's Class Certification Order of October 2005. As a result, the issue of that ruling's weight and effect is left to the good judgment of the Arbitrator.

The agreement was signed by relators' counsel as well as Flanagan's counsel in his capacity as "Attorney for Plaintiff, James C. Flanagan." In exchange for the agreement to arbitrate, relators voluntarily dismissed their petitions before the supreme court.

Relators and Flanagan then commenced arbitration. A hearing was held before the arbitrator to determine whether the case should proceed as a class action in arbitration. Subsequently, on August 6, 2008, the arbitrator issued his "Class Determination Award" which provided in relevant part:

Rule 4(a) of the [AAA] Supplementary Rules for Class Arbitrations provides that in order to proceed as a class the following elements must be met: (1) the class is so numerous that joinder of separate arbitrations on behalf of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; (4) the representative parties will fairly and adequately protect the interests of the class; (5) counsel selected to represent the class will fairly and adequately protect the interests of the class; and (6) each class member has entered into an agreement containing an arbitration clause which is substantially similar to that signed by the class representative(s) and each of the other class members.

The arbitrator then considered the first five elements, which mirror the requirements for class certification and appointment of class counsel under Texas Rule of Civil Procedure 42, and ruled that they were satisfied. *See* TEX. R. CIV. P. 42(a)(1)-(4), (g)(1)(B). However, the arbitrator continued:

It is on [the sixth] element that [Flanagan] falls short. Out of the 20,000 potential class members, the record before the Arbitrator indicates that only Mr. Flanagan has entered into any kind of arbitration agreement with

3

Nationwide Credit, Inc. and Plaza Associates ["Respondents"]. Moreover, the arbitration agreement between Mr. Flanagan and Respondents is a unique agreement negotiated by counsel for the parties as part of the resolution of the court proceedings in this case. The only arbitration agreement that the other potential class members entered into was contained in the agreement between those customers and DirecTV which is the creditor for whom Respondents were attempting to collect the debts. Both the trial court and the Corpus Christi appellate court had denied the Respondents' motion to compel arbitration based upon the arbitration agreement between DirecTV and Mr. Flanagan (and presumably all other possible members of the class).

> . . . .

> Even in the absence of the requirement of Rule 4(a)(6), the Arbitrator would have no jurisdiction to arbitrate a dispute between consumers who had no arbitration agreement with the Respondents. It is a fundamental tenant [sic] of arbitration law, that the authority of an arbitrator rests upon the existence of a written agreement of a party to submit a dispute to arbitration. [Citations omitted.]

> . . . .

> Because the requirements of Rule 4(a)(6) have not been met, I find that this matter may not proceed as a class in arbitration.

The arbitration of Flanagan's individual claims remained pending. Despite this, Flanagan returned to the trial court and asked it to enforce its 2006 order compelling relators to distribute class notices, and to sanction relators for failing to obey that order. After a hearing, the trial court denied Flanagan's request for sanctions but granted the remainder of Flanagan's request and entered an order on December 3, 2008 requiring relators to "identify the class members from computer records," and to mail notices to all class members within thirty days.[3] This is the order that relators challenge in the instant petition.[4] Additionally, Nationwide filed a motion for emergency relief, which we granted on December 19, 2008, ordering all underlying proceedings in trial court cause number 04-60565-4 stayed until further order of this Court.

_____

[3] The trial court's order also provided that relators would be responsible for the payment of "all costs of mailing the notices including the costs of addressing the envelopes to class members, stuffing the envelopes, affixing postage to the envelopes, and placing the envelopes in the custody of the U.S. Postal Service for delivery . . . ."

[4] Nationwide filed the instant petition for writ of mandamus on December 18, 2008. On March 9, 2009, Plaza filed a motion with this Court for leave to file a joinder in Nationwide's petition. We granted the motion on March 17, 2009.

## II. STANDARD OF REVIEW

Mandamus will issue to correct a clear abuse of discretion for which the remedy by appeal is inadequate. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004). Under this standard, we defer to the trial court's factual determinations if they are supported by evidence, but we review the trial court's legal determinations de novo. *Brainard v. State*, 12 S.W.3d 6, 30 (Tex. 1999); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992). A trial court abuses its discretion when it acts in an unreasonable or arbitrary manner, when it acts without reference to guiding rules and principles, or when it clearly fails to analyze or apply the law correctly. *See Walker*, 827 S.W.2d at 840; *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991).

## III. DISCUSSION

Relators contend that the trial court erred by (1) compelling them to issue class notices and (2) failing to stay its own proceedings. They note that the mediation agreement provided that "all disputes" between Flanagan and relators would be resolved in arbitration, and they claim that the arbitrator's subsequent finding that the case could not be arbitrated as a class action meant that the claims of the class were thereby extinguished in the trial court as well.

However, relators appear to misconstrue the arbitrator's ruling. The arbitrator's "Class Determination Award" clearly stated that, while the class met the requirements for certification under the rules applicable in courts of law, it did not meet the extra requirement applicable in arbitration that "each class member . . . enter[ ] into an agreement containing an arbitration clause which is substantially similar to that signed by the class representative(s) and each of the other class members." In other words, the arbitrator construed the mediation agreement as being applicable solely to Flanagan's individual claims against relators and not to the ancillary class action.[5]

---

[5] It is important to clarify that the purported arbitration agreement contained in the underlying satellite television services contract is wholly separate from the arbitration agreement that was considered by the arbitrator. The former formed the basis of relators' 2006 motion to compel arbitration which was denied by

We agree with the arbitrator that the class was not bound by the mediation agreement. Flanagan's attorney executed the agreement as "Attorney for Plaintiff, James C. Flanagan," and not as class counsel. The agreement was clearly only between relators and Flanagan in his individual capacity, as can be seen in the agreement's introductory recital. Although references were made to the pending class dispute in paragraphs 8.01 and 8.02 of the agreement, those references merely established that (1) a dispute remained as to whether the case should proceed in arbitration as a class action, and (2) the arbitrator was to determine the appropriate "weight and effect" of the trial court's class certification order of October 25, 2005. Neither reference to the class dispute somehow brought the class in as a party to the agreement or altered the capacity in which Flanagan was represented.[6] Moreover, by confirming the findings of the trial court as to the five elements required to certify a class under the rules of civil procedure, *see* TEX. R. CIV. P. 42(a)(1)-(4), (g)(1)(B), the arbitrator implicitly approved of the trial court's 2005 class certification order. We conclude that the July 25, 2007 mediation agreement bound Flanagan in his individual capacity only, and that the class litigation that arose from his individual suit remains pending in the trial court and is not subject to arbitration under the mediation agreement.

Relators argue that, even if only Flanagan's individual claims are subject to arbitration, the trial court was required to stay the class proceedings. We agree. There is no dispute that Flanagan's individual claims are subject to the mediation agreement and that they must be resolved in arbitration. If a trial court finds that a claim before it falls within the scope of a valid arbitration agreement, the court has no discretion but to compel arbitration and stay its own proceedings. *Forest Oil Corp. v. McAllen*, 268 S.W.3d 51, 56

---

the trial court; the latter was arrived at in mediation while said denial was in the process of being appealed.

[6] We note that, even if the mediation agreement *had* clearly been executed on behalf of the class by Flanagan in his capacity as class representative, it is not clear to this Court that Flanagan would have had the authority to bind the entire class to arbitration without securing the trial court's permission. *See* TEX. R. CIV. P. 42(e)(1)(A) ("The court must approve any settlement, dismissal, or compromise of the claims, issues, or defenses of a certified class.").

(Tex. 2008); *In re C & H News Co.*, 133 S.W.3d 642, 645 (Tex. App.–Corpus Christi 2003, orig. proceeding). Further, the trial court is compelled by statute to stay any proceeding that involves "an issue subject to arbitration" if a party seeks an order to arbitrate. TEX. CIV. PRAC. & REM. CODE ANN. § 171.025(a) (Vernon 2005) ("The court shall stay a proceeding that involves an issue subject to arbitration if an order for arbitration or an application for that order is made under this subchapter."). The class action pending in the trial court clearly "involves an issue subject to arbitration" in that the individual claims of the class representative, Flanagan, are subject to arbitration. Accordingly, for as long as Flanagan remains class representative and the arbitration of his individual claims is pending, the class action must be stayed. *See id.*

We note further that, regardless of the outcome of Flanagan's individual arbitration, Flanagan will no longer be an adequate representative of the class when it is concluded, precisely because his claims will have already been resolved in arbitration. *See State Farm Mut. Auto. Ins. Co. v. Lopez*, 45 S.W.3d 182, 192 (Tex. App.–Corpus Christi 2001) ("The requirement of adequacy of representation has two prongs: (1) it must appear that the representatives, through their attorneys, will vigorously prosecute the class claims; and (2) there must be an absence of antagonism or conflict between the representative's interest and those of the class."), *rev'd on other grounds*, 156 S.W.3d 550, 556 (Tex. 2004); *see also* TEX. R. CIV. P. 42(a) ("One or more members of a class may sue or be sued as representative parties on behalf of all only if . . . (4) the representative parties will fairly and adequately protect the interests of the class.").

For the foregoing reasons, we conclude that (1) the class action remains pending in the trial court, but (2) the court has no discretion but to stay the class action for as long as Flanagan remains class representative and his arbitration remains pending. We order the trial court to so stay the underlying class action. During the pendency of the stay, the trial court may consider a motion filed by class counsel to replace or remove Flanagan as class representative. *See* TEX. R. CIV. P. 42(c)(1)(C).

7

## IV. CONCLUSION

We conditionally grant relators' petition for writ of mandamus in part and order the trial court to stay all proceedings in trial court cause number 04-60565-4 until such time as either (1) Flanagan is replaced or removed as class representative or (2) Flanagan's individual arbitration is concluded and final, whichever occurs earlier. We are confident that the trial court will comply; the writ will issue only if it does not. Additionally, the emergency stay imposed by this Court on December 19, 2008 is hereby lifted, and all other relief requested in relators' petition for writ of mandamus is denied.

_____
DORI CONTRERAS GARZA,
Justice

Memorandum Opinion delivered and
filed this the 31st day of March, 2009.