SUE WALKER, Justice,
dissenting.
I respectfully dissent. I agree with the majority that the trial court had a duty to understand the substantive law, claims, and defenses in determining whether the purported class can meet the certification prerequisites under Texas Rule of Civil Procedure 42, but I cannot agree with the majority’s holding — dispositive of the class’s breach-of-statutory-duties and breaeh-of-fiduciary-duties claims — that the trial court misunderstood the applicable law when we do not know that to be true based on the record before us.
In determining the propriety of a class action, the question is not whether the plaintiffs have stated a cause of action or will prevail on the merits, but solely whether the requirements of rule 42 have been met. Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 177, 94 S.Ct. 2140, 2152, 40 L.Ed.2d 732 (1974); Garcia v. Gloor, 618 F.2d 264, 267 (5th Cir.1980), cert. denied, 449 U.S. 1113, 101 S.Ct. 923, 66 L.Ed.2d 842 (1981);[1] Exxon Mobil Corp. v. Gill, 299 S.W.3d 124,126 (Tex.2009) (“ ‘Deciding the merits of the suit in order to determine ... its maintainability as a class action is not appropriate.’ ”) (quoting Intratex Gas Co. v. Beeson, 22 S.W.3d 398, 404 (Tex.2000)). “Viability” is not a requirement for class certification under rule 42. Clark v. Strayhorn, 184 S.W.3d 906, 909 (Tex.App.-Austin, petdenied), cert. denied, 549 U.S. 995, 127 S.Ct. 508, 166 L.Ed.2d 369 (2006); see Tex.R. Civ. P. 42. Although the supreme court has instructed us that “dispositive issues should be resolved by the trial court before certification is considered,” State Farm Mut. Auto. Ins. Co. v. Lopez, 156 S.W.3d 550, 557 (Tex.2004), as our sister court in Austin has explained,
Lopez does not create a new procedural means by which appellate courts can adjudicate the merits of dispositive issues not otherwise within their jurisdiction to consider. Instead, it envisions that such issues should be adjudicated in the trial court in the first instance, through the established procedural mechanisms under our rules — such as pleas to the jurisdiction, summary-judgment motions, and special exceptions— rather than by what are substantively the same proceedings initiated at the appellate level. Cf. Lopez, 156 S.W.3d at 557 (declining to reach viability issues and remanding so trial court could address pending plea to the jurisdiction and special exceptions).
Furthermore, the concept of viability addressed in Lopez emanates from the core requirement that, before certification, trial courts perform a “rigorous analysis” to determine whether rule 42’s requirements are met. Bernal, 22 S.W.3d at 435. To “make a meaningful determination of the certification issues,” Peake, 178 S.W.3d at 778, trial courts must resolve disputes affecting the underlying substantive law prior to certification because “courts can hardly evaluate the claims, defenses or applicable law without knowing what the law is.”
Texas Parks & Wildlife Dep’t v. Dearing, 240 S.W.3d 330, 357 (Tex.App.-Austin 2007, pet. denied); see Clark, 184 S.W.3d at 909 (interpreting trial court’s order dismissing case as summary judgment, rather than *785 order on class certification, and reviewing as such); see also Miller v. Mackey Int’l, Inc., 452 F.2d 424, 428 (5th Cir.1971) (“[T]here is absolutely no support in the history of [federal] Rule 28 or legal precedent for turning a motion under Rule 23 into a Rule 12 motion to dismiss or a Rule 56 motion for summary judgment by allowing the district judge to evaluate the possible merit of the plaintiffs claims at this stage of the proceedings.”).
Here, in this interlocutory appeal of the trial court’s class certification order, the majority delves into a lengthy analysis of the interplay between the Texas Electric Cooperative Corporation Act (ECCA) and chapter 22 of the Texas Business Organizations Code and ultimately determines that the trial court improperly certified the class based on a misunderstanding of the law. However, the trial court did not discuss these statutes in its order certifying the class, nor were they discussed at the hearing on the certification. We do not know if the trial court misconstrued or misapplied the applicable law. Cf. Gill, 299 S.W.3d at 127 (explaining, in holding that trial court misapplied case law, that trial court acknowledged and distinguished case law that was, in fact, indistinguishable); Lopez, 156 S.W.3d at 557 (refusing, in interlocutory appeal of trial court’s certification order, to address argument that policyholders’ claims on merits should be dismissed when trial court did not identify specific causes of action to be decided nor indicate how they would be tried or substantive issues that would control their disposition). In fact, in its order certifying the class, the trial court found that common questions of the class include “[wjhether CoServ has a statutory duty to the Voting Subclass vis-a-vis governance, director elections, and voting procedures.” [Emphasis added.] Moreover, the majority’s holding reaches the viability of the class’s claims, a matter best addressed through established procedural mechanisms — such as pleas to the jurisdiction, summary-judgment motions, and special exceptions — that are not the basis of this appeal. Cf. Lopez, 156 S.W.3d at 557 (declining to reach viability issues and remanding so trial court could address pending plea to the jurisdiction and special exceptions).
For these reasons, I would overrule Appellant’s fourth issue and address its remaining issues.

. Because Texas Rule of Civil Procedure 42 is patterned after its federal counterpart, federal decisions and authorities interpreting current federal class-action requirements are persuasive authority in applying rule 42. Sw. Ref. Co., Inc. v. Bernal, 22 S.W.3d 425, 433 (Tex.2000); see Fed.R.Civ.P. 23; Tex.R. Civ. P. 42.