# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00191-CV

**Brigham Exploration Company, Ben M. Brigham, David T. Brigham, Harold D. Carter, Stephen P. Reynolds, Stephen C. Hurley, Hobart A. Smith, Scott W. Tinker, Statoil ASA and Fargo Acquisition, Inc., Appellants**

**v.**

**Raymond Boytim, Hugh Duncan, Robert Fioravanta, Walter Schwimmer, Michael Ohler, Ryan Ohler, Walter Ohler, Jr., The Edward J. Goodman Life Income Trust and The Edward J. Goodman Generation Skipping Trust, Jeffrey Whalen, and Howard Weissberg, Individually and on Behalf of Others Similarly Situated, Appellees**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT NO. D-1-GN-11-003205, HONORABLE LORA J. LIVINGSTON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellants Brigham Exploration Company, Ben M. Brigham, David T. Brigham, Harold D. Carter, Stephen P. Reynolds, Stephen C. Hurley, Hobart A. Smith, Scott W. Tinker, Statoil ASA and Fargo Acquisition, Inc., bring this interlocutory appeal challenging the trial court's order granting class certification. *See* Tex. Civ. Prac. & Rem. Code § 51.014(a)(3). For the reasons that follow, we decertify the class, reverse, and remand this cause for further proceedings consistent with this opinion.

## BACKGROUND

Appellant Brigham Exploration Company (Brigham) was a publically traded company. Appellant Statoil ASA (Statoil) made a tender offer for all shares of stock in Brigham at $36.50 per share, and Brigham's Board of Directors approved the transaction on October 16, 2011. Brigham announced the transaction the following day, and Statoil commenced the tender offer on October 28, 2011. After shareholders had voluntarily tendered over 92 % of the outstanding shares in December 2011, Statoil effected a short-form merger, converting each remaining share of stock into a right to receive $36.50.

Appellees brought suit shortly after Brigham's announcement of the transaction, seeking to enjoin the transaction based on the Brigham Board's alleged failure to disclose material information to the shareholders. After a hearing on November 22, 2011, the trial court denied appellees' request for an injunction. Appellees proceeded with their suit, seeking class certification and damages based on their claims that individual Board members breached their fiduciary duties and that Brigham and Statoil aided and abetted the Board members' breaches of their fiduciary duties. Appellants denied the allegations and asserted affirmative defenses including acquiescence and waiver.

Appellees filed a proposed order granting class certification and a proposed amended preliminary plan for the trial of the class claims. In their proposed amended plan, appellees set out Delaware substantive law that they contend applies to their claims and describe how they plan to prove their claims and damages at trial with common evidence. Appellees describe their plan for the trial as follows:

At this time, plaintiffs envision a single trial with the following procedural steps:

1. Plaintiffs will present their case-in-chief, submitting common evidence of defendants' wrongdoing, class-wide injury, and total damages;

2. The Individual Defendants will present the defenses they wish to advance;

3. Brigham and Statoil will present the defenses they wish to advance;

4. Plaintiffs will present their rebuttal case; and

5. The case will be submitted to the jury, which will enter a verdict based on a proposed jury charge.

Appellees' proposed order granting class certification and their amended preliminary plan did not otherwise address appellants' pleaded defenses.

Appellants objected to appellees' proposed order and trial plan. Their objections included that "the proposed trial plan is insufficient because it does not correctly identify the elements for each claim or defense asserted in the pleadings" and that it "contains only Plaintiffs' allegations and theory of the law without incorporating any of the Defendants' theories or defenses." The trial court held an evidentiary hearing on appellees' motion for class certification in October 2012 and a subsequent hearing in February 2013. After the hearing in February, appellants filed a document titled "Attachment to Plaintiffs' Proposed Amended Preliminary Plan for Trial of Class Claims." In the document, appellants describe their defensive theories and cite Delaware substantive law that they contend applies to appellees' claims and appellants' affirmative defenses.

The trial court thereafter granted appellees' motion for class certification and certified a class "defined as all holders of common stock of Brigham Exploration Company as of

3

Oct. 17, 2011," the date the transaction was announced, excluding from the class defendants and other persons and entities related to or affiliated with defendants. In its order granting class certification, the trial court made findings concerning appellees' claims, including that "Plaintiffs have submitted [a] trial plan which offers a rigorous analysis and a specific explanation of how the class claims are to proceed to trial." Based on its evaluation of appellees' trial plan, the court also found that "a trial in this action will be manageable in that it involves the application of the laws of a single state (Delaware), there are no individual issues to be resolved by the fact-finder, and that the sole individual issue (the amount of shares held by each class member on October 17, 2011) can be resolved through a post-judgment proceeding."

In the order granting class certification, the trial court expressly adopted and incorporated appellees' proposed amended preliminary plan for the trial of the class claims. Although the trial court also refers to "Defendants' position with respect to Plaintiffs' Trial Plan as set forth in its Attachment to Plaintiffs' Proposed Amended Preliminary Plan for Trial of Class Claims," it does not adopt or incorporate the attachment in its order or otherwise analyze the substance of appellants' position set forth in the attachment. This interlocutory appeal followed.

**ANALYSIS**

In six issues, appellants challenge the trial court's order granting class certification. In their first four issues, they contend that the trial court abused its discretion in concluding that the named plaintiffs and their counsel are adequate, that the named plaintiffs' claims are typical, and that individualized issues do not predominate. *See* Tex. R. Civ. P. 42(a)(3), (4), (b)(3). In their fifth issue, appellants urge that the trial court abused its discretion "in failing to 'rigorously analyze' all

4

certification requirements under Rule 42, as evidenced by the legally deficient class-action 'trial plan' approved by the [trial] court." In their sixth issue, they urge that the trial court abused its discretion in certifying the class and approving the trial plan.

**Class Certification Requirements and Standard of Review**

Appellate courts review a class certification order for abuse of discretion. *Bowden v. Phillips Petroleum Co.*, 247 S.W.3d 690, 696 (Tex. 2008); *Compaq Computer Corp. v. Lapray*, 135 S.W.3d 657, 671 (Tex. 2004). "A trial court abuses its discretion if it acts arbitrarily, unreasonably, or without reference to any guiding principles." *Bowden*, 247 S.W.3d at 696 (citing *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992)). We do not indulge every presumption in the trial court's favor, however, "as compliance with class action requirements must be demonstrated rather than presumed." *Id.* (citing *Henry Schein, Inc. v. Stromboe*, 102 S.W.3d 675, 691 (Tex. 2002)). "Courts must perform a 'rigorous analysis' before ruling on class certification to determine whether all prerequisites have been met." *Southwestern Ref. Co. v. Bernal*, 22 S.W.3d 425, 435 (Tex. 2000). The Texas Supreme Court has rejected a "certify now and worry later" approach. *Id.* at 435. Trial courts must determine the underlying substantive law prior to certification "as courts can hardly evaluate the claims, defenses or applicable law without knowing what the law is." *Lapray*, 135 S.W.3d at 672.

All class actions must satisfy the four threshold requirements contained within Rule 42(a) of the Texas Rules of Civil Procedure: (1) numerosity ("the class is so numerous that joinder of all members is impracticable"); (2) commonality ("there are questions of law or fact common to the class"); (3) typicality ("the claims or defenses of the representative parties are typical of the

claims or defenses of the class"); and (4) adequacy of representation ("the representative parties will fairly and adequately protect the interests of the class"). Tex. R. Civ. P. 42(a)(1)–(4); *Bernal*, 22 S.W.3d at 433. In addition to the subsection (a) prerequisites, class actions also must satisfy at least one of the subdivisions of Rule 42(b). *See* Tex. R. Civ. P. 42(b) (subsection (b) directs that only certain kinds of actions can be class actions); *Bernal*, 22 S.W.3d at 433.

Here the trial court granted class certification under Rule 42(b)(3). To certify a class under Rule 42(b)(3), in addition to the subsection (a) prerequisites, the trial court must "find that 'questions of law or fact common to the members of the class *predominate* over any questions affecting only individual members, and a class action is *superior* to other available methods for the fair and efficient adjudication of the controversy.'" *Lapray*, 135 S.W.3d at 663 (quoting Tex. R. Civ. P. 42(b)(3)) (emphasis in original). Subsection (c)(1)(D) of Rule 42 also requires certain statements to be included in an order granting or denying certification under Rule 42(b)(3). Relevant to this appeal, the order "must state . . . the elements of each claim or defense asserted in the pleadings." Tex. R. Civ. P. 42(c)(1)(D)(i).

**The Trial Court's Trial Plan**

We begin with appellants' fifth issue because it is dispositive. Appellants urge that the trial court abused its discretion "in failing to 'rigorously analyze' all certification requirements under Rule 42, as evidenced by the legally deficient class-action 'trial plan' approved by the [trial]

6

court." Appellants focus, among other alleged deficiencies in the trial plan, on the omission of any discussion or analysis of their affirmative defenses.[1]

"[A] trial plan is required in every certification order to allow reviewing courts to assure that *all* requirements for certification under Rule 42 have been satisfied." *State Farm Mut. Auto. Ins. Co. v. Lopez*, 156 S.W.3d 550, 556 (Tex. 2004) (emphasis in original). "The formulation of a trial plan assures that a trial court has fulfilled its obligation to rigorously analyze all certification prerequisites and 'understands the claims, defenses, relevant facts, and applicable substantive law in order to make a meaningful determination of the certification issues.'" *Id*. (quoting *Bernal*, 22 S.W.3d at 435 (quoting *Castano v. American Tobacco Co.*, 84 F.3d 734, 744 (5th Cir. 1996))). "'Thus it is improper to certify a class without knowing how the claims can and will be tried.'" *Id*. at 555.

Here, the trial court's order and the adopted trial plan fail to meaningfully address appellants' pleaded defenses. We cannot ignore the trial court's failure to comply with the express requirement in Rule 42 to state the elements of those defenses in its order. Tex. R. Civ. P. 42(c)(1)(D)(i). Further, by failing to include analysis of the pleaded defenses, the trial court failed

---

[1] Appellants' other asserted deficiencies in the trial plan include that their affirmative defenses require individualized proof, that the plan improperly includes claims for breach of the duty of care and disclosure claims, that the plan improperly omits the element of bad faith as to the claim of breach of the duty of loyalty, that the plan fails to address the effects of the aiding and abetting claims against Statoil, and that the plan and the trial court's order make improper factual findings. They specifically challenge the following sentence in the trial court's order: "Plaintiffs have demonstrated that each member of the Class is the victim of a common course of conduct engaged in by defendants" and the following sentence in the trial plan: "The Board allowed itself to be steered into a transaction with Statoil by a management team who was intent on achieving a liquidity event for their tens of millions of dollars in otherwise illiquid holdings in the Company."

to conduct the required "rigorous analysis" before ruling on the class certification. *See Bernal*, 22 S.W.3d at 435; *see also Texas S. Rentals, Inc. v. Gomez*, 267 S.W.3d 228, 247 (Tex. App.—Corpus Christi 2008, no pet.) (noting that "difficult, if not impossible, for [the appellate court] to determine if the class should have been certified" and "surmis[ing] that the trial court's failure to include any discussion of these items in the trial plan is a result of its failure to rigorously analyze [the issues] in light of the predominance requirement").

We conclude that the trial court abused its discretion by certifying a class without an order complying with the express requirements of Rule 42 and "without formulating a trial plan confirming that it has rigorously analyzed the requirements of *Rule 42*." *See State Farm*, 156 S.W.3d at 557 (emphasis in original). Thus we must decertify the class and remand the case to the trial court. *See BMG Direct Mktg., Inc. v. Peake*, 178 S.W.3d 763, 778 (Tex. 2005) (decertifying class and remanding so that trial court "may determine effect of . . . defense on the requirements for class certification"); *National W. Life Ins. Co. v. Rowe*, 164 S.W.3d 389, 390 (Tex. 2005) (per curiam) (reversing judgment of court of appeals that affirmed class certification and remanding cause to trial court because trial court "did not conduct the rigorous analysis of the issues to be tried").

**CONCLUSION**

For these reasons, we decertify the class that the trial court certified, reverse, and remand the cause for further proceedings consistent with this opinion.[2]

---

[2] Having concluded that certification was improper because the trial court's order and its trial plan fail to meaningfully address pleaded defenses, we do not consider appellants' additional challenges to the other certification prerequisites. *See Union Pac. Res. Grp., Inc. v. Hankins*, 111 S.W.3d 69, 75 (Tex. 2003) (reversing certification because none of the issues identified in trial

8

_____

Melissa Goodwin, Justice

Before Justices Puryear, Goodwin, and Field

Reversed and Remanded

Filed:   August 15, 2014

plan satisfied commonality requirement and noting that the court "need not consider [appellant]'s additional challenges to the other certification prerequisites"); _Texas Parks & Wildlife Dep't v. Dearing_, 240 S.W.3d 330, 361 (Tex. App.—Austin 2007, pet. denied) (deferring further analysis of propriety of class certification because impact of case on claims and defenses "will be integral to the district court's consideration of class certification on remand").  Further, we express no opinion on the proper outcome of a rigorous analysis under Rule 42. _See North Am. Mortg. Co. v. O'Hara_, 153 S.W.3d 43, 44–45 (Tex. 2004) (per curiam) (declining to examine whether certification proper in absence of trial plan and noting that court of appeals should have remanded case for further certification proceedings "without dictating the result").