# IN THE SUPREME COURT OF TEXAS

No. 20-0055

IN THE INTEREST OF D.T., A CHILD

ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE SIXTH DISTRICT OF TEXAS

JUSTICE BOYD, joined by CHIEF JUSTICE HECHT and JUSTICE LEHRMANN, concurring.

The Court decides today that parents who select and retain their own attorney to defend them against a government-initiated suit to terminate their parental rights have a right to *effective* representation from that attorney. *Ante* at ___. Presumably (although the Court never says), if a parent can show that the attorney she selected and retained provided ineffective representation, the courts must vacate or reverse a judgment terminating her parental rights. That may or may not be a desirable policy choice, but it's not a choice the legislature has ever made. The Family Code cannot reasonably be construed as providing that right.

Moreover, the Court's holding regarding a parent's right to effective retained counsel is unnecessary to this case's resolution because the Court ultimately (and correctly) concludes that the attorney the parent selected and retained in this case provided effective assistance. "This Court's role under our Constitution's separation of powers provision should be one of restraint." *Edgewood Indep. Sch. Dist. v. Meno*, 917 S.W.2d 717, 726 (Tex. 1995). As a result, when "it is not necessary to decide more, it is necessary not to decide more." *VanDevender v. Woods*, 222 S.W.3d 430, 433 (Tex. 2007) (quoting *PDK Lab'ys, Inc. v. U.S. Drug Enf't Admin.*, 362 F.3d 786,

799 (D.C. Cir. 2004) (Roberts, J., concurring)). Because the Court need not decide whether a right to effective retained counsel exists to decide this case, the portion of its opinion declaring such a right is not only unsupported by the Family Code, it is unnecessary dictum.

I join in the Court's judgment affirming the court of appeals' judgment, but I cannot join the Court's creation of a right to effective retained counsel in an involuntary-termination suit. I respectfully concur only in the Court's judgment.

**I.**
**Texas Family Code**

The Court holds that section 107.013 of the Family Code "evidences the Legislature's intent to afford all parents appearing in opposition to state-initiated parental-rights termination suits the right to *effective* counsel regardless of whether counsel is appointed or retained." *Ante* at ___. But in fact, no statute grants such a right. The Family Code expressly requires courts to *appoint* an attorney ad litem to represent an indigent parent's interests in a government-initiated suit to terminate the parent–child relationship. TEX. FAM. CODE § 107.013(a)(1). In addition, the Family Code expressly requires trial courts to *inform* parents of their general "right to be represented by an attorney" and their "right to an attorney ad litem appointed by the court" if they are initially unrepresented in a court appearance. *Id*. § 107.013(a-1)(1)–(2). Neither of these provisions grants parents a right to effective assistance by counsel the parents themselves have chosen and retained. Section 107.013(a)(1) addresses only *appointed* counsel, while sections 107.013(a-1)(1) and (2) address only a trial court's duty to *inform* parents of their rights. None of these provisions statutorily creates any right to retained counsel, much less any right to effective retained counsel.

2

To support its holding, the Court seems to adopt the Fourteenth Court of Appeals'

reasoning in *In re E.R.W.*, 528 S.W.3d 251 (Tex. App.—Houston [14th Dist.] 2017, no pet.). *Ante*

at ___. In that case, the court concluded that section 107.013(a-1)(1) grants non-indigent parents

involved in involuntary-termination suits the right to be represented by an attorney. *E.R.W.*, 528

S.W.3d at 261. The court then reasoned that this right, combined with this Court's holding in *In re*

*M.S.* that the statutory right to appointed counsel in involuntary-termination suits "embodies the

right to effective counsel," 115 S.W.3d 534, 544 (Tex. 2003), means that section 107.013

"provides a basis for the parent to challenge a judgment in a[n] [involuntary-termination suit]

based on the ineffective assistance of retained counsel." *E.R.W.*, 528 S.W.3d at 261. Following

*E.R.W.*'s reasoning, the Court holds that section 107.013(a-1)(1) "unambiguously confers on all

parents opposing government-initiated termination suits the right to have the assistance of counsel

without regard to indigence." *Ante* at ___. And it goes even further, holding that parents also have

the right to *effective* assistance from that counsel. *Id*. at ___.

But there is simply no way to interpret section 107.013(a-1)(1) to create such a right. In

deciding whether a statute confers a right, we look to whether its language actually confers a right,

not to whether it "evidences" some unexpressed intent. The "statutory language itself is what

constitutes the law." *Sommers for Ala. & Dunlavy, Ltd. v. Sandcastle Homes, Inc.*, 521 S.W.3d

749, 754 (Tex. 2017). Section 107.013(a-1)(1) clearly and specifically states that parents have the

right to be "*inform[ed]*" of "the right to be represented by an attorney." TEX. FAM. CODE

§ 107.013(a-1)(1). The Family Code just as clearly and specifically does *not* confer a statutory

right that counsel the parent chooses and retains will provide effective assistance. If the legislature had intended to confer that right, it could, should, and would have said so.[1]

Not only does section 107.013(a-1)(1) not grant the right the Court creates today, but no other provision in the Family Code, either by itself or in combination with a case or other statute, provides a basis for that right. The Court reasons that the fact that we decided *In re M.S.* before the legislature revised the Family Code to add section 107.013(a-1) somehow indicates that the legislature intended to extend the statutory right to effective counsel to all parents involved in parental-termination suits, regardless of whether their counsel is appointed or retained. *Ante* at ___. But the actual language the legislature chose and enacted does not express any such intent. This is especially true given that the legislature did clearly indicate its intent to confer on indigent parents the right to be represented by *appointed* counsel. *See* TEX. FAM. CODE § 107.013(a)(1). By contrast, section 107.013(a-1) grants parents the right to be "informed" of that right to appointed counsel and of the general right to be represented by counsel. The source of that general right is not the statute but the broad, due-process-based right for parties to be represented by retained counsel of their own choosing in any court proceeding. *See Powell v. Alabama*, 587 U.S. 45, 69 (1932) ("If in any case, civil or criminal, a state or federal court were arbitrarily to refuse to hear

---

[1] *See In re H.S.*, 550 S.W.3d 151, 157 (Tex. 2018) ("Had the Legislature intended to require such authority, it would have said so . . . ."); *Pedernal Energy, LLC v. Bruington Eng'g, Ltd.*, 536 S.W.3d 487, 494 (Tex. 2017) ("Had the Legislature intended different types of sanctions to apply to failure to comply with different parts of the statute it easily could have, and presumably would have, said so, but it did not."); *Beeman v. Livingston*, 468 S.W.3d 534, 540 (Tex. 2015) ("Had the Legislature intended to include prisons, it could have easily said so."); *Rachal v. Reitz*, 403 S.W.3d 840, 845 (Tex. 2013) ("If the Legislature intended to only enforce arbitration provisions within a contract, it could have said so."); *Cent. Educ. Agency v. Upshur Cnty. Comm'rs Ct.*, 731 S.W.2d 559, 561 (Tex. 1987) ("Therefore, if the Legislature intends that the Commissioner should have authority to actually decide detachment and annexation questions, it must say so.").

a party by counsel, employed by and appearing for him, . . . such a refusal would be a denial of . . . due process in the constitutional sense."). But that general right does not include a right to effective representation by the party's retained counsel; otherwise, every legal-malpractice claim would assert a constitutional due-process violation.

Finally, the Court relies on *Cuyler v. Sullivan*, 446 U.S. 335 (1980), a criminal case, as further support for "eliminating disparate treatment of persons based on whether their counsel is appointed or retained." *Ante* at ___. It analogizes a criminal proceeding to an involuntary-termination suit, explaining that both "invoke the need for the protection of fundamental liberty interests." *Id*. at ___. On this basis, it recognizes the availability of a claim for ineffective assistance of retained counsel in involuntary-termination suits in order "to reduce the risk of an erroneous deprivation and unjust outcome." *Id*. at ___. The Supreme Court, however, has prohibited such applications of its criminal precedent in civil cases: "Comments in a criminal case as to the law in a civil case hardly reach the level of constitutional doctrine, if indeed they are any more than dicta." *Maness v. Meyers*, 419 U.S. 449, 466 n.15 (1975).

But even without this prohibition, *Cuyler*'s reasoning does not support a right to effective retained counsel in involuntary-termination suits. *Cuyler* held that the *Sixth Amendment* requires counsel to provide effective representation in criminal cases. *See* 446 U.S. at 344. The Sixth Amendment expressly guarantees that the accused in a *criminal* prosecution "shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. CONST. amend. VI. The "proper respect for the *Sixth Amendment*" led the Court to eliminate the distinction between retained and appointed counsel for purposes of effective assistance. *Cuyler*, 446 U.S. at 344–45 (emphasis

5

added). *Cuyler*'s emphasis on the Sixth Amendment, which does not apply in civil cases, confirms that its reasoning does not provide a basis for recognizing a right to effective assistance of retained counsel in an involuntary-termination suit under the Family Code.

Because the Family Code cannot be construed as providing a basis for the right the Court creates today, the Court actually rewrites section 107.013(a-1)(1) to create a right where none exists under the statutes. Perhaps that's a good policy choice, but the judiciary "is an imperfect forum to examine the myriad policy trade-offs at stake here." *Strickland v. Medlen*, 397 S.W.3d 184, 196 (Tex. 2013). In light of the potential ramifications and the complex competing policy interests, I would leave it to the people of Texas to decide whether to establish the right the Court creates here, either by ratifying a constitutional amendment or by legislation enacted by their elected representatives in the "policy-making branch." *See Morath v. Tex. Taxpayer & Student Fairness Coal.*, 490 S.W.3d 826, 849 (Tex. 2016). "Given the competing public-policy considerations," this policy decision "should be confronted legislatively, not judicially." *Strickland*, 397 S.W.3d at 197.

## II.
## Dictum

The irony of today's decision is the Court need not make it at all. Because the Court concludes (and I agree) that the parent in this case did not establish that her retained counsel provided ineffective assistance, the Court's creation of a right to effective retained counsel in

parental-termination cases does not affect the outcome of this case in any way. The issue is simply irrelevant, and the Court's holding is therefore dictum.[2]

The Court disagrees, stating: "Deciding the question presented by a petition is a holding, not dicta." *Ante* at ___ n.6. But dicta includes any "opinion expressed by a court, but which, not being *necessarily* involved in the case, lacks the force of an adjudication." *Seger v. Yorkshire Ins. Co.*, 503 S.W.3d 388, 399 (Tex. 2016) (emphasis added) (quoting *Grigsby v. Reib*, 153 S.W. 1124, 1126 (Tex. 1913)).[3] As the Court points out, the parent in this case raised one issue in her petition for review: whether parents in these types of cases can assert ineffective-assistance-of-counsel claims against retained counsel. *Ante* at ___ n.6. But granting a petition to review an issue does not make the issue necessary to the resolution of the case. To resolve this case, the Court need not decide this issue at all. It could simply hold that, *even if* the Family Code created a right to effective retained counsel, the parent was not deprived of that assumed right here. The Court's eagerness to make the policy-laden decision to recognize the right when it's unnecessary to decide this case is concerning.

---

[2] This is not a situation in which the Court is merely addressing two possible alternative grounds for its holding. We have recognized that when the Court addresses two separate arguments, both of which support reversal, neither holding is dictum even though one makes the other unnecessary to resolve the case. *See State Farm Mut. Auto. Ins. Co. v. Lopez*, 156 S.W.3d 550, 554 (Tex. 2004) (citing *Tex. Nat. Res. Conservation Comm'n v. White*, 46 S.W.3d 864, 868 (Tex. 2001)). Here, the Court's recognition of a right to effective retained counsel and its conclusion that the parent has not established ineffective assistance do not both support the Court's disposition. Instead, the former makes it necessary to decide the latter, but the latter makes it unnecessary to decide the former.

[3] *See also* 16 TEX. JUR. 3d *Courts* § 119 (2021) (citing *Four Bros. Boat Works, Inc. v. Tesoro Petroleum Cos.*, 217 S.W.3d 653, 662 (Tex. App.—Houston [14th Dist.] 2006, pet. denied); *In re Certain Underwriters at Lloyd's*, 18 S.W.3d 867, 870 (Tex. App.—Beaumont 2000, orig. proceeding); *Lester v. First Am. Bank*, 866 S.W.2d 361, 363 (Tex. App.—Waco 1993, writ denied)) (defining "dictum" to mean "an observation or remark, made in a judicial opinion," which is "not necessary to the determination of the case").

Of course, "[t]he solemnity and seriousness with which a court investigates and writes upon an irrelevant point, may entitle it to respect, but it is the respect due any learning and not the respect of a rule of law by which inferior courts are bound." *State v. Valmont Plantations*, 346 S.W.2d 853, 879 (Tex. App.—San Antonio 1961) (Pope, J.), *aff'd*, 355 S.W.2d 502, 503 (Tex. 1962) (finding then-Justice Pope's opinion so "exhaustive and well documented" that "it would serve no good purpose to write further on the subject"). Nevertheless, I acknowledge that the Court's holding here is "judicial dictum" (as opposed to "obiter dictum"), deliberately made for the purpose of being followed by the lower courts. *Palestine Contractors, Inc. v. Perkins*, 386 S.W.2d 764, 773 (Tex. 1964). It is thus "at least persuasive and should be followed unless found to be erroneous." *Id.*; *see also Elledge v. Friberg-Cooper Water Supply Corp.*, 240 S.W.3d 869, 870 (Tex. 2007) (per curiam).

But one must wonder why the Court chooses to address the issue as dictum. No other court in the country has recognized the right the Court recognizes today, at least in the absence of a statute that clearly grants it, and we are not faced with a history or backlog of cases demanding an answer. In light of the competing policy concerns and our usual deference to the policy-making branch's authority to make such decisions, I would at least wait for a case in which it matters before declaring a new, policy-driven right.

### III.
### Conclusion

If we are going to declare that parents have a right to effective assistance from the counsel they select and retain, we should be able to identify the proper source of that right. Although the Court attempts to base the right in the Family Code, there is no statute that can reasonably be

8

construed as creating such a right. And by nevertheless declaring that parents have a right to effective assistance of retained counsel, the Court contravenes the most basic rule of statutory construction and steps beyond its judicial authority to interpret and apply statutes according to their plain meaning. As the Court ultimately holds, the parent in this case did not establish that her counsel's performance was ineffective. Because I agree with that conclusion and the Court's affirmance of the court of appeals' judgment based on that conclusion, I respectfully concur only in the Court's judgment.

_____
Jeffrey S. Boyd
Justice

Opinion delivered: June 25, 2021